# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>                   Plaintiff,<br><br>  v.<br><br>OLD GRINGO INC, *et al.*,<br><br>                   Defendants. | Case No. 17-cv-1996-BAS-NLS<br><br>**ORDER DENYING MOTION TO APPOINT INTERNATIONAL PROCESS SERVER**<br><br>**[ECF No. 23]** |

      Before the Court is a joint stipulation and motion filed by the parties requesting an order appointing Crowe Foreign Services "as the international process server" to serve Defendant Old Gringo, S.A. de C.V., a corporation with its principal place of business and agent for service of process located in Mexico. (ECF No. 23 ¶¶ 1, 5.) The parties indicate that "Plaintiff has diligently explored all service options and determined that the only manner in which [Defendant] may be served in a valid manner is via extra-territorial service via the [Hague Convention]." (*Id.* ¶ 2.) The parties' motion indicates that they believe service through a private international process server is a permissible means of service under the Hague Convention for a defendant located in Mexico. For the reasons herein, the Court rejects the premise underlying the parties' request and denies the motion.

# DISCUSSION

Rule 4(h)(2) provides that a corporation may be served at a place not within a judicial district of the United States in any manner prescribed by Rule 4(f), except personal delivery under Rule 4(f)(2)(C)(i). *See* Fed. R. Civ. P. 4(h)(2). Rule 4(f)(1) in turn provides that "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Absent from Rule 4(f)(1) is any requirement that such service must be authorized by a court order. In contrast, Rule 4(f) provides other means of service, which expressly require a court order. *See* Fed. R. Civ. P. 4(f)(3); *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (noting that "[a]s obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court . . ."). Given that the text of Rule 4(f)(1) does not require a court order for a party to attempt service under the Hague Convention, it is not clear why the parties believe a court order is required.

The parties' request, however, raises the issues (1) whether the Court may even appoint an international process server to effectuate service on a Mexican corporation under the Hague Convention and (2) whether the parties can permissibly effectuate service on Defendant Old Gringo, S.A. de C.V. through use of an international process server. The Court concludes that neither is proper.

The Hague Convention sets forth the permissible methods of effecting service on a party located in a signatory country. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 383 (5th Cir. 2002). The Federal Rules of Civil Procedure treat service under the Hague Convention as the primary means of serving a defendant located in a country which, like Mexico, is a signatory to the Hague Convention. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 468 U.S. 694, 706 (1988)

(holding that the Hague Convention is "the exclusive means of valid service" for entities in countries that are signatories to the Hague Convention); *OGM, Inc. v. Televisa, S.A. de C.V.*, No. CV 08-5742-JFW (JCx), 2009 WL 1025971, at *1 (C.D. Cal. Apr. 15, 2009) ("Because the United States and Mexico are both signatories to the Hague Convention, the Hague Convention provides the exclusive means by which Plaintiff can serve [the Mexican defendant]."). In their motion, the parties assert that "service of process in Mexico via the Hague Service Convention . . . must be preceded by an Order of this Court appointing an international process server to comply with the requirements of the Mexican government." (ECF No. 23 ¶ 3). The parties do not identify what these "requirements" are, nor does it appear that they can because the requirements for effectuating service under the Hague Convention on a defendant located in Mexico are different from what the parties' motion suggests.

The primary means by which service is accomplished under the Convention is through a receiving country's "Central Authority," which the Convention requires each signatory nation to establish to act as an agent to receive a request for service, arrange for service of documents, and return proofs of service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Delta Constructors, Inc.*, 259 F.R.D. at 247. To effectuate service through a country's Central Authority, a party must forward the summons and complaint to the Central Authority along with a request for service that complies with the Hague Convention and then the Central Authority must itself serve the documents or arrange to have them served by an appropriate authority. *See* Hague Convention, arts. 2, 3, 5; *see also OGM, Inc.*, 2009 WL 1025971, at *2. Although the Hague Convention outlines alternative methods of service, Mexico has objected to them and thus "service through Mexico's Central Authority is the *exclusive* method by which Plaintiff[] can serve" Defendant Old Gringo, S.A. de C.V. in Mexico. *OGM, Inc.*, 2009 WL 1025971, at *3 (emphasis added); *see also Kramer v. Romano*, No. CV 14-6790-MWF(MRWx), 2015 U.S. Dist. LEXIS

67270, at *4 (C.D. Cal. May 22, 2015) (adopting *OGM*'s conclusion that service of a defendant in Mexico must be completed through Mexico's Central Authority); *Compass Bank v. Katz*, 287 F.R.D. 392, 397 (S.D. Tex. 2012) ("[S]ervice through Mexico's Central Authority is the exclusive method of service of process on parties in Mexico under the Hague Convention."); *Mitchell v. Volkswagen Group of Am., Inc.*, 753 F. Supp. 2d 1264, 1271 (N.D. Ga. 2010) (same). Because service on a defendant located in Mexico must be completed through Mexico's Central Authority, the Court cannot appoint an international process server to effectuate service and will not do so. *See Dr. Pepper Snapple Grp., Inc. v. Bebidas Purificadas De Tehuacan*, No. 3:17-CV-929-L, 2017 WL 5665317, at *1 (N.D. Tex. Nov. 27, 2017) (denying successive motion to appoint an international process server to serve a defendant located in Mexico because "[i]t is unclear from Plaintiffs' motion how appointing APS International to effect service of process in Mexico would not violate the Hague Convention.").

Any service Plaintiff attempts through a private international process server will not in fact constitute proper service on Defendant Old Gringo, S.A. de C.V. under the Hague Convention and will be grounds, at a minimum, to quash service. *See Opella v. Rullan*, No. 10-21134-CIV, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011) (finding that court lacked personal jurisdiction over defendant located in Mexico because "[i]t is undisputed that [plaintiff] used a private notary public, not the Central Authority, to serve [defendant] in Mexico" and "[t]hus, the service . . . did not meet the requirements of the Hague Service Convention for service on an individual in Mexico"); *Mitchell*, 753 F. Supp. 2d at 1271 (quashing service on defendant located in Mexico for lack of compliance with Hague Convention, but permitting another service attempt); *OGM, Inc.*, 2009 WL 1025971, at *4 (quashing service on defendant located in Mexico for failure to serve through Mexico's Central Authority). Plaintiff should heed this discussion so as to avoid a future order quashing service or dismissing Defendant Old Gringo, S.A. de. C.V. pursuant to

Federal Rule of Civil Procedure 12(b)(5) for lack of proper service.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** the parties' joint motion to appoint an international process server to effectuate service on Defendant Old Gringo, S.A. de C.V. (ECF No. 23.) Plaintiff is advised that proper service on this Defendant requires service through Mexico's Central Authority and <u>not</u> through a private international process server.

**IT IS SO ORDERED.**

**DATED: July 26, 2018**

Hon. Cynthia Bashant
United States District Judge