# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT, <br><br> Plaintiff, <br><br> v. <br><br> OLD GRINGO INC, *et al.*, <br><br> Defendants. | Case No. 17-cv-1996-BAS-NLS <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION FOR RECONSIDERATION** <br><br> **AND** <br><br> **(2) APPOINTING CELESTE INGALLS AS THE INTERNATIONAL PROCESS SERVER FOR THE PURPOSE OF SERVING OLD GRINGO S.A. DE C.V.** <br><br> **[ECF No. 26]** |

Before the Court is a motion for reconsideration filed by the parties reasserting their request for a court order appointing Celeste Ingalls of Crowe Foreign Services ("CFS") "as the international process server" to serve Defendant Old Gringo, S.A. de C.V., a corporation with its principal place of business and agent for service of process located in Mexico. (ECF No. 26.) For the reasons herein, the Court grants the parties' motion for reconsideration and appoints Ingalls as an "international process server".

## ANALYSIS

The Court denied the parties' previous motion on July 26, 2018. (ECF No.

25.) The parties' prior motion did not provide any meaningful explanation for why appointment of an international process server was needed to effectuate service under the Hague Convention or how appointment of one would accord with the exclusive method for service on a defendant located in Mexico. In denying the parties' request, the Court reasoned that service through Mexico's Central Authority is the exclusive method by which service may be effectuated on a resident located in Mexico pursuant to the Hague Convention. (*Id*.) It was unclear to the Court how appointment of Ingalls would comport with that limitation.

In their motion for reconsideration, the parties do not dispute that service through Mexico's Central Authority is the exclusive means by which they may properly serve Defendant Old Gringo S.A. de C.V. (ECF No. 26 ¶ 6.) Accordingly, the Court does not reconsider the analysis in its order on that issue and reaffirms its conclusion. *See OGM, Inc. v. Televisa, S.A. de C.V.*, No. CV 08-5742-JFW (JCx), 2009 WL 1025971, at *3 (C.D. Cal. Apr. 15, 2009); *see also Kramer v. Romano*, No. CV 14-6790-MWF(MRWx), 2015 U.S. Dist. LEXIS 67270, at *4 (C.D. Cal. May 22, 2015) (adopting *OGM*'s conclusion that service of a defendant in Mexico must be completed through Mexico's Central Authority).

However, the parties' motion for reconsideration overcomes the shortfalls in their initial motion by explaining precisely how appointment of an "international process server" in this case will not contravene limitations on service in Mexico. The parties have provided a declaration from the intended CFS process server, Celeste Ingalls, which explains the need for a court order appointing Ingalls a process server.[1] Ingalls states that she has extensive experience with serving process

---

[1] The parties' present motion also asserts that this Court previously appointed Ingalls as an international process server for the purpose of serving a defendant located in Mexico on December 8, 2014 in *Royal & Sun Alliance Insurance PLC v. Castor Transport, LLC.*, No. 13-cv-01811-BAS (DHB), ECF No. 46 (S.D. Cal. Dec. 8, 2014). As an initial matter, it is the parties' obligation to direct the Court to authorities they believe support a request for judicial relief, including any previous

on individuals located in Mexico through Mexico's Central Authority and that "the Mexican courts . . . will only accept a Hague Request for Service from an independent individual if the forum court provides authorization for the independent individual, such myself, to issue a request for service in accordance with the Hague Convention." (ECF No. 26-1 ¶ 8.) Most importantly for the Court, the parties and Ingalls indicate that her role will be "to work with Mexico's Central Authority under the Hague Convention." (ECF No. 26 ¶ 12; ECF No. 26-1 (Ingalls Decl).) Specifically, Ingalls indicates that once a court order issues, she "will forward to the Central Authority in Mexico, the Summons, Civil Cover Sheet, Complaint of Marsha Wright, and Spanish translations thereof . . . to be served upon Old Gringo, S.A. de. C.V., in accordance with the Hague Service Convention." (ECF No. 26-1 ¶ 11.) In other words, the parties do not seek to personally serve Defendant Old Gringo, S.A. de C.V. through an international process server. Based on this information, the Court finds that the parties have now provided an adequate and reasoned explanation for why a court order is necessary.

---

orders from this Court which bear upon the propriety of the relief sought. The parties did not identify in their initial motion this Court's prior order, issued nearly four years ago in an unrelated case involving different parties. (*See* ECF No. 23.)

Even if the parties had identified the Court's order, the Court's 2014 order did not address the issue of proper service on a defendant located in Mexico under the Hague Convention. Yet, the Court's analysis in its initial denial of the parties' request to appoint Ingalls is expressly concerned with that issue. Moreover, the analysis is predicated in part on a case which post-dates the Court's 2014 order and expressly calls into question the propriety of appointment of an international process server to effectuate service on a defendant located in Mexico. *See Dr. Pepper Snapple Grp., Inc. v. Bebidas Purificadas De Tehuacan*, No. 3:17-CV-929-L, 2017 WL 5665317, at *1 (N.D. Tex. Nov. 27, 2017) (denying successive motion to appoint an international process server to serve a defendant located in Mexico because "[i]t is unclear from Plaintiffs' motion how appointing APS International to effect service of process in Mexico would not violate the Hague Convention."). The parties' initial motion, like that of the plaintiffs' motion in *Dr. Pepper Snapple Group*, failed to explain how appointment of Ingalls comported with service under the Hague Convention—a deficiency the motion for reconsideration now remedies.

**CONCLUSION & ORDER**

Based on the foregoing, the Court finds that reconsideration of its prior order is proper on the issue of whether to appoint Ingalls as an "international process server" and **GRANTS** the motion for reconsideration. (ECF No. 26.)

The Court **HEREBY APPOINTS** Celeste Ingalls of Crowe Foreign Services as an "international process server" **for the sole purpose of effectuating service on Defendant Old Gringo S.A. de C.V. pursuant to the Hague Convention and solely through Mexico's Central Authority**. Under the terms of this appointment, Ingalls may <u>not</u> personally serve Defendant Old Gringo S.A. de C.V.

**IT IS SO ORDERED.**

DATED: August 2, 2018

Hon. Cynthia Bashant
United States District Judge