UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>        Plaintiff,<br><br>v.<br><br>OLD GRINGO, INC., et al.,<br><br>        Defendants. | Case No.: 3:17-cv-1996-BAS-NLS<br><br>**ORDER DENYING JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 24]** |

  Before the Court is the parties' Joint Motion and Stipulation for Order Continuing Trial and Related Dates. ECF No. 24. The parties request an extension of all remaining dates[1] by approximately 180 days, or six months. *Id*. at 4. The parties previously made a similar extension request of ninety days (ECF No. 20), which the Court granted in part and denied in part. ECF No. 22. In the instant motion, the extension is sought to allow additional time to depose approximately 20-25 witnesses (some of whom are located out

---

[1] These dates include the discovery deadline, trial date, and expert designation deadline. *Id*. at 2–3. The parties do not request any extension of dates for amending pleadings, filing additional pleadings, or filing motions to join additional parties, as these deadlines were already extended by the previous order. *Id*. at 3; ECF No. 22 at 2–3.

1

of state or in Mexico) and effecting service upon the Mexican corporation, Defendant Old Gringo S.A. de C.V. ("Old Gringo SA"). ECF No. 24 at 2–3.

Trial courts "set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060, 1062 (9th Cir. 2005). "Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id.* Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

A request to modify the scheduling order is governed by Federal Rule of Civil Procedure 16(b)(4) and "may be modified only for good cause and with the judge's consent." The good cause standard articulated in Rule 16 focuses on the diligence of the party seeking to amend the scheduling order, and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). The district court may amend the scheduling order if it "cannot be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 Advisory Committee Notes).

The Court is not persuaded the parties meet the good cause standard or that the length of the requested extension is necessary. The parties previously requested an extension because they "anticipate[d] a great number of out-of-state depositions, which will be scheduled and which will require extensive organization and out-of-state travel to complete." ECF No. 20 at 4. Thus, the parties knew about these out-of-state depositions over 90 days ago, and in that time appear to have merely "discussed and [] begun to execute a plan for the completion of oral depositions." ECF No. 24 at 2. This fails to demonstrate diligence in the pursuit of discovery to justify the requested extension.

The continued attempts to serve Old Gringo SA also fail to present good cause or prejudice. Ongoing pursuit of service of this Mexican corporation does not interfere with the pursuit of discovery or depositions of the remaining defendants and/or witnesses. Defendant Yan Ferry ("Ferry") is the "owner/operator of a California Corporation" (ECF No. 16 at 2), and is central to Plaintiff's oral agreement claim (ECF No. 1 at 5–15). Thus, much of the information needed by Plaintiff regarding both served and unserved defendants is available via discovery and/or deposition of the current defendants.

The only good cause presented for the extension is the anticipated lessened availability of Plaintiff's counsel to travel due to the upcoming birth of his first child. While the Court is not unsympathetic to these limitations, an additional six months to complete depositions is unnecessary and unsupported.

The parties' joint motion is **DENIED**. The parties are ordered to continue to *diligently* pursue discovery and provide a joint report on the status of discovery by **September 21, 2018,** at which time the Court will determine if an amended scheduling order is necessary. The report must be no more than 5 pages and state the discovery and depositions completed, the discovery and depositions remaining, and an estimated timeline for completion of any remaining discovery.

**IT IS SO ORDERED**.

Dated: August 6, 2018

Hon. Nita L. Stormes
United States Magistrate Judge