# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>                Plaintiff,<br><br>v.<br><br>OLD GRINGO INC, *et al*.,<br><br>                Defendants. | Case No. 17-cv-1996-BAS-NLS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION IN ITS ENTIRETY**<br><br>**[ECF No. 63]** |

On December 13, 2018, the Court granted in part and denied in part Defendants Old Gringo, Inc. ("OGI"), Ernest Tarut ("Tarut"), and Yan Ferry's ("Ferry") (together, "Defendants") Rule 56 motion for summary judgment. (ECF 62.) Within a week's span, Defendants have moved for reconsideration on "two discrete issues" which they believe are case-dispositive. (ECF No. 63-1 at 1.)

First, although the Court granted summary judgment to Defendants on Plaintiff Marsha Wright's ("Wright") breach of contract claim for the alleged 5% Ownership Interest in the OG Entities and specific performance claim solely to the extent it is based on that claim, Defendants argue that the Court also should have granted them

summary judgment on Claims 2 through 7.[1] They believe that "the Court did not address a crucial argument made by Defendants" that if there was no binding contract by which Wright agreed to provide her services in exchange for the Ownership Interest or an offer of the Ownership Interest requiring Wright's performance of such services, then Wright cannot establish reliance necessary for these other claims. (*Id.* at 1.) Second, Defendants argue that "the Court did not address Defendants' argument that Plaintiff never stated a claim for unjust enrichment and that the facts do not demonstrate any basis for a claim of unjust enrichment." (*Id.*) Defendants request that all of Wright's claims be dismissed with prejudice on reconsideration.

Defendants' motion mischaracterizes the Court's summary judgment order, ignores its analysis, raises new arguments and law not cited in the initial motion, and otherwise does not show that reconsideration is warranted. Thus, the Court denies Defendants' motion for reconsideration in its entirety.

**FACTUAL SYNOPSIS[2]**

Plaintiff Marsha Wright is a Texas-based professional designer of Western apparel, including boots and handbags. (ECF No. 50-1 Ex. A Marsha Wright Decl. ("Wright Decl.") ¶¶ 3, 21.) Defendants OGI and Old Gringo, S.A. de. C.V. ("OGS") (together, the "OG Entities") make and sell Western-style boots. (ECF No. 53 Joint Statement of Undisputed Material Facts ("JSUF") ¶ 1.) Defendants Tarut and Ferry are the majority owners of the OG Entities. (Wright Decl. ¶ 10.) Wright designed

---

[1] Wright's Complaint raises eight claims: (1) breach of contract, (Compl. ¶¶ 54–65); (2) fraud and fraudulent misrepresentation, (*id.* ¶¶ 66–79); (3) specific performance, (*id.* ¶¶ 80–85); (4) promissory fraud, (*id.* ¶¶ 86–93); (5) concealment, (*id.* ¶¶ 94–103); (6) negligent misrepresentation, (*id.* ¶¶ 104–108); (7) promissory estoppel, (*id.* ¶¶ 109–112); and (8) unjust enrichment, (*id.* ¶¶ 113–118). As a result of the Court's summary judgment order, only the second through eighth remain.

[2] The Court has already discussed the relevant factual and procedural background of this case in detail. (ECF No. 62 at 2–4.) Accordingly, the Court provides only a brief synopsis.

boots for Defendants from 2005 until October 2015.  (JSUF ¶ 2; Wright Decl. ¶¶ 4–6.)

The dispute amongst the parties arises from a January 2013 in-person meeting between Wright, Ferry and Tarut in León, Mexico.  (JSUF ¶ 3; Wright Decl. ¶ 10.)  During the meeting, Ferry and Tarut "raised [Wright's] compensation, to a figure that Defendants paid [her] for the remainder of the time that [she] was with Old Gringo" in an oral contract.  (JSUF ¶ 4; Wright Decl. ¶ 10.)  It is undisputed that Wright would and did receive a $180,000 salary from Defendants for over two and a half years.  (JSUF ¶ 4; ECF No. 50-2 Steve Greenberg Decl. ("Greenberg Decl.") ¶ 12; *see also* Wright Dep. at 128:09–20.)  Wright contends also that at the meeting Tarut and Ferry also promised her a 5% Ownership Interest in both OGI and OGS.  (Wright Decl. ¶ 10.)  Tarut told Wright "on many occasions" in 2014 and 2015 "things to remind [her] that [she] was now an owner or a 'partner' in the Old Gringo companies, and needed to work extra hard[.]"  (Wright Decl. ¶¶ 46–47.)  Wright has never received the alleged Ownership Interest.

**LEGAL STANDARD**

District courts may entertain a motion for reconsideration of an interlocutory order at any time before entry of final judgment.  *See* Fed. R. Civ. P. 54(b), 59(e); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996).  Such a motion must be filed no later than 28 days after entry of the order on which reconsideration is sought.  Fed. R. Civ. P. 59(e).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  The moving

party must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180 (D. Nev. 2003) (citing *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

However, a motion for reconsideration is not an avenue for the moving party to re-litigate the same issues and arguments upon which a court has already ruled. *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005); *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000). Nor is it a mechanism for the moving party to seek relief simply because the party disagrees with the prior order. *Haw. Stevedores, Inc. v. HT&T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) ("Mere disagreement with a previous order is an insufficient basis for reconsideration."). Nor is it a vehicle to raise new arguments or evidence which the moving party could have raised in the underlying motion, but did not. *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *All Hawaii Tours Corp.*, 116 F.R.D. at 649–50.

"Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). Reconsideration is "an extraordinary remedy which should be used sparingly" and thus such motions "'are disfavored and are rarely granted.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *IV Solutions, Inc. v. TakeCare Ins. Co., Inc.*, CV 13-4592-JFW (MANx), 2014 WL 8515781, at *1 (C.D. Cal. Feb. 28, 2014) (citation omitted); *Trust Corp. v. Aetna Cas. & Surety Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994)).

# DISCUSSION[3]

## 1. The Undeveloped and Unavailing "Detrimental Reliance" Argument

Defendants first seek reconsideration on the Court's order denying summary judgment on Claims 2 through 7 because: "[g]iven the Court's finding that any alleged ownership promise of a grant of [sic] ownership interest was entirely unrelated to Plaintiff's contemplated future work for Defendants, there is no way that such promise can serve as the basis for a claim of detrimental reliance in this case." (ECF No. 63-1 at 1.) According to Defendants, they raised this "crucial argument" in their initial summary judgment motion, but "the Court failed to address" it. Relatedly, Defendants take issue with the Court's determination that failure of consideration does not entitle them to summary judgment on Wright's remaining claims. Defendants argue that "Defendants do not however, claim that Wright's tort claims require consideration," but "[r]ather, the same facts which establish a lack of consideration . . . also establish that Plaintiff cannot claim to have detrimentally relied upon the alleged promise of a grant of the ownership interest[.]" (*Id*. at 3 (emphasis in original removed).) The Court rejects Defendants' arguments.

First, it is not clear to the Court whether Defendants have read their motion for summary judgment closely. Defendants expressly argued that: (1) "[e]ach of Plaintiff's eight causes of action fails because the alleged contract term granting Plaintiff a 5% ownership interest is not enforceable for lack of consideration," (2) "[w]ith no consideration, there is no enforceable contract term granting Plaintiff a 5% ownership interest. Each of Plaintiff's contract claims (Counts 1, 3, 7, and 8) fail[,]" and (3) "[e]ach of Plaintiff's causes of action fails because there was no

---

[3] Unlike their motion for summary judgment, (*see generally*, ECF No. 38-1), Defendants' motion for reconsideration now makes arguments regarding the elements of promissory estoppel. (ECF No. 63-1 at 5–6.) A motion for reconsideration, however, is not an opportunity for a party to raise new legal arguments that were available to the party in its original motion. The Court therefore declines to consider this argument.

consideration to support the alleged oral contract term granting Plaintiff a 5% ownership interest in Old Gringo." (ECF No. 38-1 at 5, 7–8.) Thus, the Court did not misconstrue Defendants' arguments when it analyzed why failure of consideration for Wright's breach of contract claim does not entitle Defendants to summary judgment on any of Wright's remaining claims. (ECF No. 62 at 14–15.) Moreover, despite claiming now that they meant the "same facts" which show lack of consideration also show that Wright could not have detrimentally relied on the alleged promise or grant of the Ownership Interest, Defendants solely provided legal analysis on failure of consideration for a contract claim with *no legal analysis* regarding how such failure could warrant summary judgment on Wright's remaining claims on those "same facts" as a matter of law. (*Id*. at 6–8; *see also* ECF No. 38-1 at 5–8.) As the Court concluded, Defendants did not meet their summary judgment burden as to Wright's remaining claims.

Second, and relatedly, Defendants did not develop their detrimental reliance argument with any legal analysis in their initial motion and they fail to do so now.[4] As Defendants recognize in their motion for reconsideration, they stated in their opening brief merely that "Plaintiff cannot establish detrimental reliance in entering into the contract term related to the 5% ownership interest. Plaintiff's fraud causes of action must also fail." (ECF No. 38-1 at 7:24–8:1.)[5] Defendants repeated this conclusory assertion in their reply brief without citation to any law or meaningful

---

[4] Contrary to Defendants' apparent belief that they may litigate any underdeveloped arguments in their motion for summary judgment until they convince the Court that summary judgment should be granted in their favor, a party may not use a motion for reconsideration as an opportunity to re-hash a previously raised argument, whether that argument was fully fleshed out or not.

[5] Defendants' motion for reconsideration incorrectly cites the argument as appearing on "MSJ, p. 27, lines 4–8." (ECF No. 63-1 at 6.) There is no page 27 in Defendants' underlying motion and page 27 of the Court's ECF pagination does not contain this argument, but rather Defendants' statute of limitations argument.

analysis. (ECF No. 62 at 4:5–13; 10:12–15.) Despite now labelling their "detrimental reliance" argument as a "crucial" "bottom-line" argument, merely making a conclusory argumentative statement without citation to law or analysis is insufficient either to competently raise the argument for judicial consideration or for a party to meet its burden on summary judgment.[6] *See United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015) (courts need not consider an undeveloped argument that is not supported by citations to authority); *Hibbs v. Dep't of Human Resources*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding argument "too undeveloped to be capable of assessment"); *Wells Fargo Bank, N.A. v. Renz*, 795 F. Supp. 2d 898, 911 (N.D. Cal. 2011) (denying defendants' request for summary judgment on claims for which defendants "offer a string citation to various cases and California civil jury instructions, without providing any explanation or analysis of how these authorities support their position."); *In Re Katz Interactive Call Processing Patent Litig.*, 883 F. Supp. 2d 935, 948 n.1 (C.D. Cal. 2010) (denying summary judgment because "the argument was so undeveloped that this Court can only reject the argument for failure to satisfy [movant's] burden"); *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001) ("A judge is . . . neither required to hunt down arguments [defendants] keep camouflaged nor required to address perfunctory and undeveloped arguments.").

---

[6] The Court's summary judgment order was clear regarding the multiple and substantial shortcomings in Defendants' legal arguments. (*See, e.g.*, ECF No. 62 at 14 ("'Cursory research into the elements of the remaining claims would have shown Defendants that their consideration challenge to these claims is not "warranted by existing law or by a nonfrivolous argument[.]' Fed. R. Civ. P. 11(b)(2)."); *id.* at 22 ("It is not the Court's duty to make Defendants' summary judgment arguments for them or to identify the portions of the Complaint that could support their arguments, if any, and the Court will not do so. S*ee Bladeroom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-cv-01370-EJD, 2018 WL 514923, at *6 (N.D. Cal. Jan. 23, 2018) ("[I]t is not the Court's duty to create arguments or find evidence" for the parties at the summary judgment stage); *Blankenship v. Cox*, No. 3:05-CV-00357-RAM, 2007 WL 844891, at *12 (D. Nev. Mar. 19, 2007) ("It is not the court's duty to do Defendants' legal research.").)

Third, even as to the merits, the Court rejected the assumption implicit in Defendants' detrimental reliance argument when the Court rejected Defendants' argument that Wright cannot show fraud damages:

> Wright has clearly alleged in the Complaint the specific misrepresentations by Defendants regarding the Ownership Interest on which she relied. More specifically, she alleges that Defendants intended to induce her to continue working for the OG Entities and she continued to work for the OG Entities until October 2015 based on the alleged agreement to provide Wright the Ownership Interest and increased compensation in exchange for her continued services. (Compl. ¶¶ 15, 68–70.) Lost earnings or lost profits from other business opportunities are a plausible consequence of this alleged fraudulent conduct.

(ECF No. 62 at 30.)

Contrary to Defendants' argument that the Court found that the Ownership Interest is "entirely unrelated" to Wright's "contemplated future work," the Court clarified how they are related such that Wright could show damages from reliance:

> Of course, the Court has concluded that the undisputed evidence does not show that consideration was agreed to at the time of the January 2013 to render the Ownership Interest enforceable in contract. Even so, that the Ownership Interest is not enforceable in contract does not mean that Wright cannot seek fraud damages for lost employment or lost business opportunities. The alleged Ownership Interest misrepresentations were made alongside the contract for her services and Wright alleges that further misrepresentations were made to her by Tarut in 2014 and 2015 to induce her to work harder. (Wright Decl. ¶¶ 46–47.)

(ECF No. 62 at 30 n.6.)

It is not clear to the Court whether Defendants overlooked the Court's analysis in their haste to file a motion for reconsideration. Nevertheless, it is clear that Defendants disagree with the Court's essential conclusion that even in the absence of a contract regarding the Ownership Interest which required Wright to work for Defendants, Wright has plausibly pleaded and provided evidence of her reliance on Defendants' alleged promise of the Ownership Interest. Defendants' mere

disagreement does not warrant reconsideration. *Tom v. GMAC Mortg., LLC*, CIV. No. 10-00653 SOM/BMK, 2011 WL 2712958, at *2 (D. Haw. July 12, 2011) ("In essence, [Defendants] simply disagree with the court's analysis. That disagreement does not justify reconsideration of the order."); *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (same). Defendants do not otherwise provide the Court with factual or legal arguments of a strongly persuasive nature. Thus, the Court affirms its denial of summary judgment to Defendants on Claims 2 through 7.

**2.     The New Unjust Enrichment Argument**

As a final matter, Defendants take issue with Wright's unjust enrichment claim. Defendants argue that "the Court failed to consider" the following argument in the twelve lines in their motion for summary judgment expressly concerning Wright's unjust enrichment claim: "[c]learly, claim 8 is nothing more than a restatement of Plaintiff's breach of contract claim, and all arguments herein relating to Plaintiff's breach of contract claim apply equally to claim 8." (ECF No. 63-1 at 7 (citing ECF No. 38-1 at 10:4–5.)  Tellingly, this contention appeared under Defendants' argument that Wright's "unjust enrichment claim (count 8) is time-barred." (ECF No. 38-1 at 9–10.)

The Court expressly considered and rejected Defendants' statute of limitations arguments. (ECF No. 62 at 18–28.) Defendants, however, do not seek reconsideration on that conclusion, let alone specifically as to the unjust enrichment claim. Rather, Defendants now parrot back to the Court the elements of an unjust enrichment claim and argue that the oral contract for Wright's continued services to the OG Entities in exchange for $180,000 plus bonuses means that Wright cannot maintain an unjust enrichment claim pertaining to the alleged promise of the Ownership Interest. (ECF No. 63-1 at 7–9.)

Fatal to Defendants' motion is that they raise entirely new arguments absent from their summary judgment motion. As such, Defendants do not seek "reconsideration," but rather they request a new ruling on arguments they could have raised earlier but did not.[7] Defendants have therefore waived the arguments and may not raise them now. *See Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1065 (D. Ariz. 2018) (concluding that defendant's motion for reconsideration "argument does not seek reconsideration, it is a new argument that [defendant] waived by not raising earlier."); *Kamaole Pointe Dev. LP v. Cty. of Maui*, 573 F. Supp. 2d 1354, 1385 (D. Haw. 2009) (rejecting "a new argument that is not appropriate in a motion for reconsideration.").

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES IN ITS ENTIRETY** Defendants' motion for reconsideration of the Court's summary judgment order. (ECF No. 63.) The Court **DENIES** Defendants' request to "file a sur-reply" to this Order. (*Id.* at 10.)

**IT IS SO ORDERED.**

**DATED: December 26, 2018**

Hon. Cynthia Bashant
United States District Judge

---

[7] Defendants implicitly recognize that their arguments regarding Wright's unjust enrichment claim are new. Although they extol on why their "detrimental reliance" argument is not an "attempt[] to present a new argument," (ECF No. 63-1 at 5), they omit any such representation with respect to their new unjust enrichment claim arguments. To the extent Defendants believe that they adequately challenged the sufficiency of Wright's unjust enrichment claim, they are wrong because (1) the argument appeared in their statute of limitations analysis and (2) any pleading argument they believe they raised lacked legal analysis and, thus, was too undeveloped to meet their summary judgment burden. *Wells Fargo Bank, N.A.*, 795 F. Supp. 2d at 911; *In Re Katz Interactive Call Processing Patent Litig.*, 883 F. Supp. 2d at 948 n.1.