UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARSHA WRIGHT, | Case No.:  17cv1996-BAS (MSB) |
| Plaintiff, | |
| v. | **ORDER AFTER DISCOVERY HEARINGS [ECF Nos. 58,73]** |
| OLD GRINGO, INC., et al. , | |
| Defendants. | |

On February 1, 2019, the Court held a second hearing to address the parties' joint motions for determination of discovery disputes 2 and 3 regarding Plaintiff's requests for production of documents (RFPs) served on Defendant Old Gringo, Inc. [ECF Nos. 58, 73].  The proceedings were placed on the record.  Consistent with the discussion with counsel for the parties at the hearing and for the reasons stated therein, the Court hereby **ORDERS** the following:

1.     The Court finds that a **<u>Protective Order</u>** is needed in this case, despite the parties' inability to agree upon one.  The Court has received Plaintiff's Proposed Protective Order.  Defendant is ordered to submit a proposed protective order to the Court by close of business **<u>February 6, 2019</u>**.  The Proposed Protective Order should include a category of materials that may be restricted to disclosure to Plaintiff's attorney of

record and financial experts, Vantage Point Advisors, Inc., and another category of materials that shall simply be deemed confidential.

2.      A **Mandatory Settlement Conference** shall be conducted on **April 9, 2019**, at **9:30 a.m.**, in the **chambers of Magistrate Judge Michael S. Berg located at 221 West Broadway, Suite 3145 (Chambers 3B), San Diego, CA 92101**.  All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

        a.      **Personal Appearance of Parties Required**:  All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present in person and legally and factually prepared to discuss and resolve the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

        b.      **Full Settlement Authority Required**:  A party or party representative with full settlement authority must be present at the conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

        c.      **Confidential Settlement Statements Required**:  On or before April 2, 2019, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements.  The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits.  Each party's settlement statement must outline (1) the nature of the

case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a specific demand/offer for settlement, and (4) any previous settlement negotiations or mediation efforts.  The Mandatory Settlement Conference statement must not merely repeat what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief.  The settlement statement must specifically identify what the discovery process revealed and the effect that the evidence has on the issues in the case.  To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits.  Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated.  Further, the party must explain when they will be in a position to state a demand or offer.  General statements such as a party will "negotiate in good faith" is not a specific demand or offer.  The settlement statement should be submitted confidentially and need not be shared with other parties.

d.    **Requests to Continue a Mandatory Settlement Conference**:  Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a written application.  Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.

If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.

3.    The Court **DENIES** Defendant Old Gringo, Inc.'s request to bifurcate discovery into liability and damages phases.

4.      The Court **GRANTS** Plaintiff's motion to compel further responses to the following RFP Nos.: 19, 20, 27, 33, 68, 69, 74, 77, and 80.  If Old Gringo, Inc., does not have any further responsive documents, it shall, under oath, describe its efforts to locate documents and why such documents do not exist.  Old Gringo, Inc. shall provide these supplemental responses no later than **February 25, 2019**.  Responses to RFP Nos. 20, 27, 33, and 74 may be produced subject to the attorneys and pre-designated financial experts-only provision of the protective order discussed above.

5.      The Court **GRANTS IN PART** the RFP Nos. 72, 73, 75, and 82 and **DENIES the remainder without prejudice**.  Old Gringo, Inc. shall serve supplemental responses to these RFP Nos. pertaining to the year 2014 only no later than **February 25, 2019**. Responses to these RFPs may be produced subject to the attorneys and pre-designated financial experts-only provision of the protective order discussed above.

6.      The Court **conditionally GRANTS** the following RFP Nos.: 4, 13, 21, 39, 45, 86, 87, and 95.  If Old Gringo S.A. de C.V. remains a defendant in this case after the District Court's ruling on the pending motions filed by Old Gringo S.A. de C.V. to quash the summons for lack of personal jurisdiction and to dismiss for Forum Non Conveniens [ECF No. 61], Defendant Old Gringo, Inc. must provide supplemental responses **within one week after such a ruling from the District Court, or by February 25, 2019, whichever is later**.  Responses to RFP Nos. 21, 39, and 45 may be produced subject to the attorneys and pre-designated financial experts-only provision of the protective order discussed above.

7.      The Court **DENIES** Plaintiff's motion to compel further responses to the following RFP Nos.: 76, 78, 81, 89, 93, 94, 96, and 99.

8.      In light of the Court's use of the 2014 test period for verification of the financials of defendants Old Gringo, Inc. and Old Gringo S.A. de C.V., the Court **DENIES without prejudice** Plaintiff's motion to compel further responses to the following RFP Nos.: 26, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 46, 47, 48, 49, and 71.

9.      The Court **GRANTS in part** Plaintiff's motion to compel further response to RFP No. 14.  Defendant Old Gringo, Inc., shall produce all documents concerning any estimation or appraisal of its fair market value dated on or after January 1, 2012 no later than **February 25, 2019**.

10.     In light of the Court's use of the 2014 test period for verification of the financials of Defendant Old Gringo S.A. de C.V., the Court **conditionally GRANTS IN PART** RFP Nos. 88, 90, 91, 92, 97, 98, and 100, and **DENIES** the remainder **without prejudice**.  If Old Gringo S.A. de C.V. remains a defendant in this case after the District Court's ruling on the pending motions filed by Old Gringo S.A. de C.V. to quash the summons for lack of personal jurisdiction and to dismiss for Forum Non Conveniens [ECF No. 61], Defendant Old Gringo, Inc. must provide supplemental responses pertaining to 2014 consistent with this order **within one week after such a ruling from the District Court, or by February 25, 2019, whichever is later**.  Responses to these RFPs may be produced subject to the attorneys and pre-designated financial experts-only provision of the protective order discussed above.

11.     The Court **GRANTS in part** RFP No. 79.  Old Gringo, Inc. shall produce any responsive documents relating to the compensation of all officers of Old gringo, Inc., including all forms of executive/officer compensation/benefits/perquisites (i.e. salary, bonus, health insurance, commission, cell phone, auto, travel, meals and entertainment, etc.), and the duties and responsibilities of each officer during 2014 no later than **February 25, 2019**.  The remainder of this RFP is **DENIED without prejudice**.

12.     The parties are to submit a Joint Status Report regarding the status of discovery and any outstanding disputes no later than **March 11, 2019**.

        **IT IS SO ORDERED.**

Dated: February 6, 2019

Honorable Michael S. Berg
United States Magistrate Judge