UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARSHA WRIGHT, | Case No.: 17cv1996-BAS(MSB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO SEAL RE: STATUS REPORT ON DISCOVERY MATTERS IN ADVANCE OF DISCOVERY HEARING SUBMITTED BY PLAINTIFF [ECF No. 104]** |
| OLD GRINGO, INC., et al., | |
| Defendants. | |

Plaintiff filed a "Motion to Seal Re: Status Report on Discovery Matters in Advance of Discovery Hearing Submitted by Plaintiff" on May 8, 2019. (See ECF No. 104.) In her motion, Plaintiff asks the Court to seal her "Status Report on Discovery matters in Advance of Discovery Hearing Submitted by Plaintiff," including Exhibit A thereto, which is Plaintiff's Supplemental and Corrected expert report. (ECF No. 105, filed under seal.) Plaintiff's reason for requesting the document be sealed is that the Court's protective order (ECF No. 87) requires it. (ECF No. 104 at 2.)

Materials obtained through discovery can be included under seal with non-dispositive motions if the requesting party demonstrates "good cause." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). "When a court grants a protective order for information produced during discovery, it already has determined

that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1213 (9th Cir. 2002). However, the protective order makes clear that a motion to file under seal "**must be narrowly tailored to seek sealing only of the confidential or privileged material**." (ECF No. 87 at ¶13 (emphasis in original).)

After reviewing Plaintiff's motion and the status report she proposes to file under seal, it appears to the Court that the provisions in the protective order do not justify sealing the status report and its supporting document <u>in their entirety</u>. The vast majority of the documents do not appear to contain confidential information. The status report includes the procedural background of the discovery disputes and recent litigation, descriptions of the Plaintiff's requests, and to the extent it cites to discovery, it references information from materials that are not alleged to have been produced under a confidential designation of the protective order, which was not issued until February 19, 2019. (<u>See</u> ECF Nos. 87, 105.) While Plaintiff's expert report, attached as an exhibit, does appear to contain some confidential information, large portions of it describe the expert's task and qualifications, the records reviewed by the expert, the reasoning employed, and data from other companies used as comparison points, none of which would be subject to the protective order. (<u>See</u> ECF No. 105 at 12-25.) The Court, therefore, **DENIES** Plaintiff's motion because it finds that sealing the entire status report with supporting documents is not narrowly tailored to protect the sensitive data therein.

Accordingly, should resubmit, redacting only the portions of the document for which there exists good cause for sealing.

**IT IS SO ORDERED.**

Dated: May 9, 2019

Honorable Michael S. Berg
United States Magistrate Judge