1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>                         Plaintiff,<br><br>    v.<br><br>OLD GRINGO INC, *et al*.,<br><br>                      Defendants. | Case No. 17-cv-1996-BAS-MSB<br><br>**ORDER DENYING DEFENDANT OLD GRINGO S.A. de C.V.'s MOTION TO DISMISS**<br><br>**[ECF No. 61]** |

This case stems from an alleged 5% ownership interest that Defendants Ernest Tarut and Yan Ferry—the controlling and majority owners of Defendant Old Gringo Inc. ("OGI"), a California corporation, and Defendant Old Gringo S.A. de C.V. ("OGS"), a Mexican corporation (collectively, the "OG Entities")—promised to give Plaintiff Marsha Wright in the OG Entities. OGS moves to "quash the summons for lack of personal jurisdiction or, in the alternative, to stay or dismiss the action on the ground of forum *non conveniens*." (ECF Nos. 61, 76.) Plaintiff Marsha Wright opposes. (ECF No. 74.) For the reasons herein, the Court denies OGS's motion.

## BACKGROUND

Plaintiff Marsha Wright is a citizen and resident of Texas. (ECF No. 1, Compl. ¶ 3.) OGI is incorporated and has its principal place of business in

California, (*id.* ¶ 4), whereas OGS is incorporated in and has its principal place of business in Mexico, (*id.* ¶ 7).  Ferry resides in Mexico and is a dual citizen of Mexico and France, whereas Tarut resides in and is a citizen of California. (*Id.* ¶¶ 5–6.)  Ferry and Tarut allegedly own controlling interests in the OG Entities.  (*Id.* ¶ 57.)

In January 2013, Defendants Tarut and Ferry allegedly agreed that they would grant Plaintiff a 5% ownership in the OG Entities.  (*Id.* ¶¶ 18, 55.)  Plaintiff alleges that at the same meeting, Ferry and Tarut agreed to increase her salary and performance bonuses "in recognition of Plaintiff's contributions and continued provision of designs, services and expertise, in addition to and not as a substitute for, Plaintiff's newly created 5% ownership interest in the two companies." (*Id.* ¶¶ 20–21, 55.)  After the January 2013 meeting, Plaintiff received her increased salary and performance bonuses. (*Id.* ¶ 21.)  Plaintiff, however, never received the alleged 5% ownership interest.

Plaintiff brought suit against all Defendants in September 2017.  (ECF No. 1.)  In her operative pleading, she asserts seven claims against all Defendants, including for fraud and fraudulent misrepresentation; specific performance; promissory fraud; concealment;  negligent  misrepresentation;  promissory  estoppel;  and  unjust enrichment.  (*Id.* ¶¶ 54–118.)  The case has proceeded through discovery and various motions.  In relevant part, the Court previously denied Ferry's motion to dismiss for lack of personal jurisdiction in April 2018 on the ground that specific jurisdiction exists over Ferry in a California forum.  (ECF No. 19.)  The Court now turns to the merits of OGS's motion.

**PERSONAL JURISDICTION**

OGS principally moves to dismiss Wright's claims on the ground that this Court lacks personal jurisdiction.  (ECF No. 61-1 at 4–9.)  The Court construes

OGS's motion to dismiss as a Rule 12(b)(2) motion, the rule which permits a defendant in federal court to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).[1]

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). When the motion is based on written materials rather than an evidentiary hearing, the plaintiff must only make a "prima facie showing of jurisdictional facts." *Bauman v. DaimlerChrysler*, 579 F.3d 1088, 1094 (9th Cir. 2009), *vacated on other grounds*, 603 F.3d 1141 (9th Cir. 2010) (quotations and citations omitted). A *prima facie* showing "must be based on affirmative proof beyond the pleadings, such as affidavits, testimony or other competent evidence of specific facts." *Excel Plas, Inc. v. Sigmax Co., Ltd.*, No. 07-CV-578-IEG, 2007 WL 2853932 (S.D. Cal. Sept. 27, 2007) (citation omitted). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotations and citations omitted). "Conflicts between parties over

_____

[1] OGS titles its motion as "a motion to quash service of summons for lack of personal jurisdiction" because OGS relies on a California state law procedural mechanism pursuant to which a party may move to dismiss for lack of personal jurisdiction. (ECF No. 61-1 at 3 (citing Cal. Code Civ. P. § 418.10(a)(1).) Consequently, OGS mistakenly relies on Federal Rule of Civil Procedure 12(b)(5), which permits a party to move to dismiss for insufficient service, as the procedural vehicle for its motion. (ECF No. 61-1 at 4.) A Rule 12(b)(5) dismissal is limited to "any departure from the proper service for serving the summons and complaint[.]" *Wright v. Ferry*, No. 17-cv-1996-BAS-NLS, 2018 WL 1898913, at *2 (S.D. Cal. Apr. 20, 2018). This Court previously approved service on OGS pursuant to the Hague Convention. (ECF No. 27.) OGS was served with the Complaint and Summons at its offices in Mexico. (Ferry Decl. ¶ 4.) OGS does not contend that it was not properly served in this manner.

statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

To resolve the substantive merits of a personal jurisdictional challenge, a district court sitting in diversity applies the law of the state where the court sits when no applicable federal statute authorizes personal jurisdiction. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Here, California's long-arm statute extends jurisdiction to the limits of federal due process and thus federal due process guides the resolution of the parties' jurisdictional dispute. *See Pebble Beach*, 453 F.3d at 1155. Federal due process requires that a nonresident defendant have sufficient "'minimum contacts' with the forum such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id*. (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). The nature of the contacts required for the constitutional exercise of personal jurisdiction turns on whether the claimed basis for jurisdiction is general or specific. *Ranza v. Nike, Inc*., 793 F.3d 1059, 1068 (9th Cir. 2015). OGS contends that neither basis for jurisdiction exists in this case.

A.      **Plaintiff Has Not Shown that General Jurisdiction Exists**

OGS contends that this Court lacks general jurisdiction. (ECF No. 61-1 at 6–7.) General jurisdiction allows a court to hear any and all claims against a defendant regardless of whether the claims relate to the defendant's contacts with the forum state. *Schwarzenegger*, 374 F.3d at 802. The "paradigm forum for the exercise of general jurisdiction" is "one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, (2011). These "are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Plaintiff alleges that OGS is not incorporated in, nor does it maintain a principal place of business in California. (Compl. ¶¶ 7, 13.) Accordingly, the Court concludes that it lacks general jurisdiction

over OGS.[2]

**B.      Plaintiff Has Made a *Prima Facie* Showing of Specific Jurisdiction**

OGS also contends that the Court cannot exercise specific jurisdiction. (ECF No. 61 at 8–10.) Plaintiff objects. (ECF No. 74 at 3–14.) As in the Court's previous order denying Ferry's motion to dismiss based on a finding that specific jurisdiction exists, the Court similarly finds that Plaintiff has made a *prima facie* showing that the Court may exercise specific jurisdiction over OGS and OGS has failed to show such jurisdiction would not comport with due process.

In the Ninth Circuit, specific jurisdiction exists if: (1) the out-of-state defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). The plaintiff bears the burden of satisfying the first two prongs. *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff succeeds in satisfying . . . the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the

---

[2] In opposition to OGS's motion, however, Plaintiff argues that the Court can exercise general jurisdiction over OGS on the ground that OGS is an alter ego of OGI. (ECF No. 74 at 14–18.) The Court notes that, in her Complaint, Plaintiff does not allege that OGS is an alter ego of OGI, but rather that both OG Entities are alter egos of the two individual Defendants, Tarut and Ferry. (Compl. ¶¶ 9–10.) The claimed alter ego theory is not a basis for general jurisdiction in the absence of Plaintiff actually pleading it. In any event, because the Court finds that the exercise of specific jurisdiction is proper, the Court declines to further address this argument.

defendant of due process of law." *Pebble Beach Co.*, 453 F.3d at 1155.

### 1. OGS's California Contacts

OGS concedes that it has contacts with California in that it "does sell to distributors in California[.]" (ECF No. 61-1 at 8.) OGS conspicuously understates the nature and extent of its California contacts. Plaintiff, however, fills this gap. OGS is a sister corporation of California-based OGI, for which OGS manufactures goods that OGI in turn distributes. (Compl. ¶ 13; Wright Decl. ¶¶ 6–10, 16–17, 19.) These are OGS's relevant California contacts.

### 2. Plaintiff's Claims Arise out of or Relate to OGS's Contacts

OGS principally disputes the second specific jurisdiction prong. According to OGS, its manufacturing of goods for its sister corporation in California is "completely unrelated to Plaintiff's claim," which concerns "an alleged oral agreement that took place in Mexico." (ECF No. 61-1 at 8–9.) Focusing on where the alleged oral agreement took place, OGS contends that *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) requires dismissal because any connection between its California contacts and Plaintiff's claims "is lacking entirely." (ECF No. 61-1 at 10; ECF No. 76 at 1–5.)

In the Ninth Circuit, application of a "but-for" test determines whether a claim arises out of the defendant's forum-related activities. *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). "Under the [but-for] approach, any event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction." *Newsome v. Gallacher*, 722 F.3d 1257, 1269 (10th Cir. 2013). The question is, but for OGS's California-related conduct, would Plaintiff have suffered the alleged injuries she claims. *LiveCareer Ltd. v. Su Jia Techs. Ltd.*, No. 14-CV-03336-JST, 2015 WL 1448505 at *5 (N.D. Cal. Mar. 31,

2015).

Plaintiff readily makes a *prima facie* showing that her claims concerning an alleged promise by all Defendants to grant her an ownership interest in the OG Entities arise out of or relate to OGS's California contacts. OGS is a manufacturing company and, during the relevant period through today, depends on the selling and distribution by OGI from California of the goods OGS manufactures. Wright in turn designed various goods for the OG Entities pursuant to her working relationship with them. (Wright Decl. ¶¶ 8, 19.) Plaintiff contends that she continued to provide services to the OG Entities, including in California, in alleged reliance on the alleged promise of the ownership interest. (*Id.* ¶¶ 20, 25, 29.) Plaintiff has made a *prima facie* showing that her claims would not have arisen but for OGS's contacts with California and, in particular, its substantial contacts with OGI.

OGS's argument that *Bristol-Myers* defeats the second prong of specific jurisdiction because the alleged oral agreement occurred in Mexico is unavailing. OGS overstates the impact of *Bristol-Myers* on this case.

*Bristol-Myers* did not alter the principles of specific jurisdiction, but rather reiterated and applied them to the specific facts in that case. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1783 (noting that the Court was undertaking a "straightforward application in this case of settled principles of personal jurisdiction"). In *Bristol-Myers*, a group of plaintiffs sued the defendant, a citizen of Delaware and New York, in California state court on state law claims for injuries allegedly caused by the defendant's drug Plavix. *Id.* at 1777–78. The Supreme Court determined that the fact that the defendant corporation had research and laboratory facilities, sales representatives, and sales and marketing operations in the forum state was insufficient to justify the exercise of specific jurisdiction in the absence of an

"adequate link between the State and the nonresidents' claims." *Bristol-Myers*, 137 S.Ct. at 1781. The Court noted that "BMS [Bristol-Myers Squibb] did not develop Plavix in California, did not create a marketing strategy for Plavix in California, and did not manufacture, label, package, or work on the regulatory approval of the product in California[.]" *Id.* at 1778. The Court determined that the plaintiffs failed to allege an "adequate link" between California and their claims because they did not allege that they obtained, ingested, or were prescribed Plavix in California, and "all the conduct giving rise to the nonresidents' claims occurred elsewhere." *Id*. at 1781–82.

In contrast with the *Bristol-Myers* plaintiffs, Plaintiff has alleged an "adequate link" between her claims and OGS's California contacts based on the allegations and facts the Court has already identified. OGS's focus on where the alleged oral agreement and alleged initial misrepresentation occurred misses the mark. This myopic focus ignores the clear and adequate link between OGS's California contacts—namely, its purposeful direction of activities to California in its relationship with OGI—and Plaintiff's claims concerning Defendants' alleged promise to her of an ownership interest in the OG Entities.

### 3. The Exercise of Jurisdiction Comports with Due Process

OGS must now show that the exercise of specific jurisdiction would not comport with due process. *Burger King*, 471 U.S. at 477. Several non-dispositive factors guide a court's analysis: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id.* at 476–77.

OGS fails to show that this Court's exercise of jurisdiction over it would not comport with due process based on the applicable factors. OGS principally argues that convenience and efficiency warrant dismissal because "the vast majority of the evidence pertaining" to the alleged agreement "is housed in Mexico." (ECF No. 61-1 at 10.) And OGS contends that it and " most or all of the necessary witnesses also reside in Mexico." (*Id*.)

To the extent OGS contends the exercise of personal jurisdiction over it would offend due process because OGS is located in Mexico, the Court rejects this contention. "[P]hysical presence in the forum is not a prerequisite to jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). OGS otherwise provides insufficient evidence to substantiate its claim regarding the location of the majority of the evidence and witnesses that bear upon adjudication of Plaintiff's claims. OGS has not met its burden to show that the exercise of jurisdiction does not comport with due process.[3]

In contrast, Plaintiff provides a thorough analysis regarding the factors that should guide the Court's due process analysis. (ECF No. 74 at 9–14.) Having considered Plaintiff's extensive arguments—and although she does not bear the burden on this prong of the specific jurisdiction test—the Court is satisfied that the exercise of personal jurisdiction over OGS comports with due process. Accordingly,

---

[3] OGS also contends that "Mexico, not California, has a compelling policy interest reason to hear" this action because the alleged agreement "must be interpreted and enforced in compliance with Mexican law[.]" (ECF No. 61-1 at 10.) The Court rejects this argument. Based on the evidence before the Court, it is not the case that only Mexico has a policy interest in this case, particularly given the presence of two California citizens and their alleged role in the alleged misconduct. OGS's argument otherwise ignores that the Court has already assessed Plaintiff's claims pursuant to U.S. law based on the Defendants' express reliance on such law when they first moved for summary judgment.

the Court denies OGS's motion to dismiss for lack of personal jurisdiction.

## FORUM *NON CONVENIENS*[4]

OGS alternatively moves "to dismiss the action on the ground of forum non coveniens." (ECF No. 61-1 at 11–12; ECF No. 76 at 8–9.) Plaintiff vigorously opposes. (ECF No. 74 at 18–25.)

Pursuant to the doctrine of forum *non conveniens*, "[a] district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 (9th Cir. 2006). Dismissal for forum *non conveniens* is a "drastic exercise of the court's 'inherent power' because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). Thus, it is "an exceptional tool to be employed sparingly." *Id.*

"A party moving to dismiss based on forum *non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). The private interest factors include (1) relative ease of access to sources of proof; (2) availability of witnesses; and (3) all other practical factors favoring an expeditious and inexpensive trial. *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 767 (9th Cir. 1991). The public interest

---

[4] OGS relies on a California state law articulation and application of the doctrine of forum *non conveniens*, specifically California Code of Civil Procedure § 410.30(a). (ECF No. 61-1 at 11–13.) This California procedural rule does not apply here. The Court nevertheless notes that the California test largely mirrors the federal doctrine of forum *non conveniens*.

17cv1996

factors include "court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar." *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1452 (9th Cir. 1990). The party moving to dismiss for forum *non conveniens* must make "a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience[.]" *Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir. 1983). OGS has not met its burden.

OGS has failed to make the threshold showing that Mexico is an adequate alternative forum. An alternative forum is adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). "Where there are multiple defendants, an adequate forum will only exist if all defendants are shown to be amenable to process." *Flack v. Nutribullet, L.L.C.*, No. 2:18-CV-05829-DDP (SSX), 2018 WL 6330421, at *2 (C.D. Cal. Dec. 4, 2018). Even if the Court accepts that Ferry and OGS would be amenable to process in Mexico, there is no evidence showing that OGI and Tarut would be. OGS's naked assertions in its reply brief are insufficient to show otherwise.

OGS has otherwise failed to make a "clear showing" on the private and public interest factors. Ordinarily "[t]he plaintiff's choice of forum will not be disturbed unless the 'private interest' and 'public interest' factors strongly favor trial in the foreign country." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142–43 (9th Cir. 2001). The Court will not delve into an analysis of each factor, particularly given OGS's thin analysis in its opening brief and, more critically, OGS's failure to respond in its reply brief to Plaintiff's extensive opposition arguments regarding the public and private interest factors. (*Compare* ECF No. 74 at 20–25 *with* ECF No. 76 at 8–9 (disputing only adequacy of Mexico as an alternative forum).)

The Court, however, finds that Plaintiff has shown that the doctrine does not warrant dismissal of this case for at least five reasons. First, two of the four Defendants are located in the forum. It is ostensibly more convenient for them to litigate in this forum. Second, Plaintiff has identified numerous witnesses on whom she will rely and who are either based in California or willing to come to trial in California. (Wright Decl. ¶¶ 37–38.) This list includes witnesses who are material to her claims. *See Lueck*, 236 F.3d at 1146 (noting that a court reviews not the number of witnesses outside of the forum, but the materiality of the witnesses). Third, despite OGS's contentions regarding the location of the sources of proof for adjudication of Plaintiff's claims, the two California-based defendants ostensibly have access to copies of the documents relevant to Plaintiff's claims. Fourth, OGS overstates the importance of its status as a Mexican corporation and Plaintiff's allegations regarding conduct in Mexico. The mere fact that a case involves conduct outside the United States or a foreign defendant is not sufficient to dismiss a case. *Carijano*, 643 F.3d at 1224 (citing *Tuazon*, 433 F.3d at 1181–82 ("Juries routinely address subjects that are totally foreign to them, ranging from the foreign language of patent disputes to cases involving foreign companies, foreign cultures and foreign languages.")). Fifth, despite OGS's attempt to claim that Mexico has the only interest in this case, California is not some distant forum with a remote interest. California plainly has an interest in the conduct of its residents and those who transact with its residents, particularly a foreign corporation that engages in and is a sister corporation of a California-based corporation that is a party to this action.

In short, the Court finds that OGS—the only defendant out of the four Defendants to move to dismiss based on forum *non conveniens*—has failed to make the "clear showing" required for this Court to employ the "exceptional tool" of dismissal for forum *non conveniens*. Moreover, such a dismissal would be highly wasteful and inefficient at this juncture. The Court has already invested extensive

time and energy in this dispute during the past two years, including in the resolution of two motions to dismiss, a motion for summary judgment and related motion for reconsideration (with a second successive motion for summary judgment pending at the time of this order), and the various discovery disputes that have necessitated intervention by the Magistrate Judge. OGS's "alternative" request to dismiss this case on the basis of forum *non conveniens* is denied.

### CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** OGS's motion to dismiss for lack of personal jurisdiction and OGS's alternative request to dismiss the case for forum *non conveniens*. OGS **SHALL ANSWER** the Complaint **no later than June 25, 2019**.

**IT IS SO ORDERED.**

**DATED: June 11, 2019**

Hon. Cynthia Bashant
United States District Judge