UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>                                    Plaintiff,<br><br>v.<br><br>OLD GRINGO, et al.,<br><br>                                    Defendants. | Case No.:  17cv1996-BAS (MSB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR ISSUANCE OF LETTERS OF REQUEST**<br><br>**[ECF NO. 189]** |

        In October 10, 2019, Plaintiff filed an "Ex Parte Motion and Memorandum of Points and Authorities in Support of Ex Parte Motion for Issuance of Letter of Request," asking this court to issue a letter of request to Mexico seeking Mexico's assistance compelling discovery from Defendant Old Gringo, S.A. de C.V. ("OGS") under the Hague Evidence Convention.  (ECF No. 189.)  Defendants filed their Opposition on October 15, 2019.  (ECF No. 190.)  For the reasons discussed below, the Court **DENIES** Plaintiff's motion **without prejudice**.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff, a former designer for Defendants Old Gringo, Inc. ("OGI") and Old Gringo, S.A. de C.V. ("OGS") (a Western wear manufacturer and distributor and its Mexican sister company, together the "Old Gringo Companies") alleges that the principles and officers of the Old Gringo Companies, Defendants Ernest Tarut ("Tarut")

and Yan Ferry ("Ferry"), told her in January 2013 that they were giving her a 5% ownership interest in the Old Gringo Companies, but in fact, no such interest was conveyed. (See ECF No. 1.) This basic allegation underlies all of the remaining causes of action in this case.

This case was filed on September 28, 2017. (ECF No. 1.) The first scheduling order was issued on March 2, 2018. (ECF No. 18.) While Plaintiff requested discovery from OGI for the financial and other corporate documents pertaining to OGS, (see ECF Nos. 36, 58, 66), OGS did not file its answer and make a general appearance in this case until June 17, 2019, (ECF No. 116). After Judge Bashant denied OGS' motion for summary judgement, (see ECF No. 163), the Court held telephonic case management conferences on September 11 and 17, (ECF Nos. 174, 177), and on September 19, 2019, issued an amended scheduling order permitting Plaintiff limited additional time to conduct fact discovery as to OGS, (ECF No. 179).

According to Plaintiff's counsel, he emailed a draft of Plaintiff's proposed letter of request to Defendants' counsel on September 27, 2019 and received an email back on October 2, 2019, with "broad objections to the draft Letter of Request and a suggestion that the parties should present two versions of the draft Letter of Request to the Court as attachments to a joint motion." (See ECF No. 189-2 at 2.) Counsel then explains, "[a]fter studying the matter in detail both substantively and procedurally and conferring with Plaintiff and third party experts, I made some changes in response to Defendants' comments and filed this ex parte motion with notice to counsel for Defendants, because agreeing to all of Defendants' objections would unduly prejudice Plaintiff's rights to take discovery regarding Old Gringo Mexico." (Id.) Defendants describe a different and more complete exchange of emails, that do not vary significantly on these points. (ECF No. 190 at 3-4.)

Plaintiff did in fact file the instant motion on October 10, 2019, over a week after Defendants' counsel sent him Defendants' objections. (See ECF No. 189.) Defendants filed their opposition on October 15, 20109. (ECF No. 190.)

17cv1996-BAS (MSB)

## II.     DISCUSSION

**A.     Plaintiff failed to meet and confer as required by Civil Local Rule 26.1(a)**

A number of different rules require litigants in this district to meet and confer regarding discovery disputes before calling upon the Court to resolve the parties' disagreements.  Federal Rule of Civil Procedure 37(a)(1) provides that a party filing a motion to compel must certify "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Judge Stormes' March 2, 2018 Schedule Order Regulating Discovery and Other Pre-Trial Proceedings directed counsel, in bolded font, to "promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a)."  (ECF No. 18 at 3.)  Judge Berg's Second Amended Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, issued on September 19, 2019 included a directive to comply with Local Rule 26.1(a), identical to that of Judge Stormes.  (ECF No. 179 at 5.)  The same requirement is reiterated in Judge Berg's Civil Chambers Rule IV.A.  Civil Local Rule 26.1(a) states that "[t]he Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues. . . . If counsel have offices in the same county, they are to meet and confer in person.  If counsel have offices in different counties, they are to confer by telephone.  Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence."  S.D. Cal. Civ. L.R. 26.1(a).

The instant motion involves Plaintiff's request that this Court ask "the judicial authorities of Mexico to compel discovery pertaining to [OGS]."  (ECF No. 189 at 1.)  It relies on Federal Rule of Civil Procedure 28's directives regarding taking depositions in foreign countries.  (<u>See</u> ECF No. 189 at 3.)  Based on the foregoing, the motion before the Court is unquestionably a discovery motion subject to Rule 37(a)(1) and Local Rule 26.1(a).

Based on the information on file with the Court in this case, counsel for the parties' have offices in different counties, with Plaintiff's counsel in Los Angeles and Defendant's counsel in La Mesa. Therefore, the parties were excused from meeting and conferring in person, but they were not excused from the requirement that they confer over the telephone. However, the only interaction described by Plaintiff was via email, and it did not involve any actual engagement by Plaintiff's counsel with Defendants' counsel regarding the objections raised by Defendants or Plaintiff's disagreement with the same.

The purpose of a meet and confer requirement is for the parties to engage in a meaningful dialogue about their respective positions on disputed issues to see whether they can resolve them without court intervention, saving time and money for the litigants and the court system. See California v. Iipay Nation of Santa Ysabel, No. 14CV2724 AJB (NLS), 2015 WL 2449527, at *6 (S.D. Cal. May 22, 2015) ("A purpose of a meet and confer requirement is to resolve issues without the need for further action."); Eusse v. Vitela, Case No.: 3:13-cv-00916-BEN-NLS, 2015 WL 9008634, at *3 (S.D. Cal. Dec. 14, 2015) ("This process, when successful, 'obviates the need for unnecessary motion practice, which, in turn, conserves both the Court's and the parties' resources.'") (internal citation omitted). In order to "serve [this] purpose, parties must 'treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes.'" U-Haul Co. of Nevada v. Gregory J. Kamer, Ltd., No. 2:12-cv-00231-KJD-CWH, 2013 WL 5278523, at *2 (D. Nev. Sept. 17, 2013) (internal citation omitted). The Court has carefully reviewed Plaintiff's ex parte motion and her attorney's declaration, and finds no justification proffered for the failure to meet and confer as required by the Civil Local Rules and Chambers' Rules. (See ECF Nos. 189, 189-2.) Though he may have made some changes to the letter of request, Plaintiff's counsel never responded to Defendants' counsel about their concerns, or discussed with them the basis of their respective positions to see whether resolution could be reached. Based on everything before the Court, it appears that Plaintiff's counsel disregarded the

requirement completely.  There is no question under these circumstances that Plaintiff failed to meet and confer prior to filing the instant motion as required by Civil Local Rule 26.1(a).  The Court therefore **DENIES** the motion **without prejudice**, and **ORDERS** the parties to meet and confer prior to refiling this motion.  See, e.g., <u>Rogers v. Giurbino</u>, 288 F.R.D. 469, 477 (S.D. Cal. 2012) ("A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion.").

**The parties are warned that future failures to engage in the meet and confer process as required by Local Rule 16.1(a) in good faith will be considered a basis for the imposition of sanctions.**  <u>See, e.g., Blair v. CBE Grp. Inc.</u>, Civil No. 13-CV-00134-MMA (WVG), 2015 WL 3397629, at *8, *13 (S.D. Cal. May 26, 2015) ("[T]his Court's Civil Local Rules also provide the Court with authority to impose sanctions for '[f]ailure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court.'  CivLR 83.1.a.  The Local Rules allow for 'any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.'"  "While Defendant was within the 30 day deadline to bring the errata dispute to the Court's attention, it failed to promptly meet and confer before contacting the Court.  Accordingly, the Court finds that sanctions are appropriate against Defense counsel failing to comply with the discovery dispute requirements of the Chambers Rules and this Court's pretrial Orders, both of which the parties in this case are intimately familiar.")

**B.** **Plaintiff has not demonstrated why this motion should not have been submitted as a Joint Motion as required by Judge Berg's Chambers' Rules.**

With disputes involving discovery, Judge Berg's Chambers Rules instruct the parties to file joint motions as described in section IV.E.  Section IV.F outlines the limited availability of ex parte motions in the discovery context, which are "only appropriate under circumstances where the opposing party refuses to participate in contributing to

a joint motion after reasonable opportunity has been provided, or if the motion to compel is directed to a non-party." The Chambers Rules specifically state in section IV.G that "[t]he Court prefers the joint motion procedure be employed," even to address motions to compel discovery directed a non-parties, though the Court understands that "in some circumstances involving third-party discovery practice, the motion may have to be filed ex parte."

The instant motion is a discovery motion. Though it involves the Court requesting the assistance of a third party, the Mexican Judicial authority, it ultimately seeks to compel discovery from OGS, a party. Therefore, OGS may reach agreements with Plaintiff about what discovery falls within the scope of Rule 26 and is consistent with this Court's rulings. Both Plaintiff's ex parte motion and Defendants' opposition indicate that Plaintiff was willing and prepared to participate in the joint motion process to address these issues. (See ECF Nos. 189 at 2, 190 at 3.) Although Plaintiff's counsel claims to have "stud[ied] the matter in detail both substantively and procedurally," he appears to justify his decision to file this motion as an ex parte on the notions that (1) "agreeing to all of Defendants' objections would unduly prejudice Plaintiff's right to take discovery regarding [OGS]" and (2) "given the shortened time for discovery, an ex parte motion, rather than a joint motion, is the proper way to present this straightforward request for assistance with foreign discovery." (ECF No. 189-2 at 2.)

Plaintiff's counsel's explanations are not persuasive. First, as Plaintiff's counsel is well aware from previous joint motions, (see ECF Nos. 36, 58, 73), a joint motion does not require Plaintiff to agree to Defendants' objections. Instead it requires each party to set forth its respective position. Second, in the time Plaintiff took to file an ex parte motion, a joint motion could easily have been prepared and filed. Contrary to Plaintiff's belief, filing an ex parte motion that has not been addressed in meet and confer does not expedite the resolution of this dispute before this Court. Because this is a dispute that could conceivably be resolved, or at least narrowed, by the parties, and because opposing counsel has indicated a willingness to participate in that process, the Court

6

finds an ex parte motion inappropriate in this instance.  See, e.g., Mission Power Eng'g
Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995)  ("[T]hese hybrid ex parte
motions are inherently unfair, and they pose a threat to the administration of justice.
They debilitate the adversary system. Though the adversary does have a chance to be
heard, the parties' opportunities to prepare are grossly unbalanced. Often, the moving
party's papers reflect days, even weeks, of investigation and preparation; the opposing
party has perhaps a day or two.")

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## III. CONCLUSION

The Court is sensitive to Plaintiff's time constraints in pursuing discovery from OGS. However, those time constraints do not relieve Plaintiff from attempting to resolve discovery disputes with opposing counsel before engaging the Court's intervention. This is particularly true here, where the Court has already made numerous discovery rulings that can guide the parties' efforts to reach agreement on the permissible scope of discovery to OGS.[1] Shirking the parties' responsibility to meet and confer, and then presenting an ex parte motion in a manner that prevents thorough, focused briefing and presentation of the issues does not facilitate the Court's efficient resolution of the issues the parties truly cannot resolve. For these reasons, the ex parte motion is **DENIED without prejudice**. The parties are encouraged to meet and confer, work together to narrow their disputes, and file a joint motion for issuance of a letter of request as quickly as possible.

**IT IS SO ORDERED.**

Dated: October 25, 2019

Honorable Michael S. Berg
United States Magistrate Judge

---

[1] The Court notes that the orders given from the bench on February 1, 2019, (ECF No. 117), and later reiterated in the Court's February 6, 2019 order, (ECF No. 85), specifically discuss relevance and proportionality as related to OGI's and OGS' business information, (ECF No. 117 at 9-10, 14-16, 19-22; 24-28), as well as a number of the objections asserted by Defendants, (see, e.g., id. at 14-15, 22-28).

8