# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OLD GRINGO, INC., et al.,<br><br>Defendants. | Case No.: 17cv1996-BAS(MSB)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO ENFORCE COMPLIANCE WITH THE COURT'S ORDERS CONCERNING AND/OR TO COMPEL FURTHER ANSWERS TO REQUESTS FOR VARIOUS FINANCIAL INFORMATION RELATING TO OLD GRINGO, S.A. DE C.V.**<br><br>**[ECF NO. 180]** |

Presently before the Court is Plaintiff's "Motion to Enforce Compliance with the Court's Orders Concerning and/or to Compel Further Answers to Requests for Various Information Relating to Old Gringo, S.A. de C.V," filed by Plaintiff on September 20, 2019. (See ECF No. 180.) Defendants filed their opposition to the motion on September 24, 2019. (ECF No. 185.)

## I. FACTUAL BACKGROUND

Plaintiff, a former designer for Defendants Old Gringo, Inc. ("OGI") and Old Gringo, S.A. de C.V. ("OGS") (a Western wear manufacturer and distributor and its Mexican sister company, together the "Old Gringo Companies") alleges that the

principles and officers of the Old Gringo Companies, Defendants Ernest Tarut ("Tarut") and Yan Ferry ("Ferry"), told her in January 2013 that they were giving her a 5% ownership interest in the Old Gringo Companies. (See Compl. at 5, ECF No. 1.) The alleged promise was never reduced to writing, and the ownership interest was distinct from her salary and bonus compensation. (Id. at 6.) Plaintiff alleges that over the years, Tarut and Ferry made statements to Plaintiff that affirmed her part ownership and encouraged her to work hard on behalf of the Old Gringo Companies. (Id. at 7-8.) By October 2015, when Plaintiff stopped working with the Old Gringo Companies, Plaintiff had still not received the alleged ownership interest and concluded that contrary to her previous belief, it did not exist. (Id. at 13.) Plaintiff maintains causes of action against OGI, OGS, Yan, and Ferry for (1) fraud and fraudulent misrepresentation, (2) specific performance (to the extent this claim is not based upon contract), (3) promissory fraud, (4) concealment, (5) negligent misrepresentation, (6) promissory estoppel, and (7) unjust enrichment. (Id.; see also ECF No. 62 at 32 (granting in part Defendants' motion for summary judgment and dismissing contract claim and specific performance claim solely to the extent it is premised on breach of contract, and denying all other grounds for summary judgment); ECF No. 163 at 16 (denying Defendants' subsequent motion for summary judgment).)

## II. RELEVANT PROCEDURAL BACKGROUND

On December 6, 2018, the parties filed "Joint Motion for Determination of Discovery Dispute No. 3." (ECF No. 58.) On January 14, 2019, the parties filed "Amended Joint Motion for Determination of Discovery Dispute No. 2." (ECF No. 73.) In relevant part, both discovery motions included Plaintiff's requests that the Court compel further responses to her requests for production of documents ("RFPs") from OGI regarding the ownership, finances, and valuation of OGI's commonly owned sister company and Co-Defendant: OGS. (See ECF No. 58 at 44-101; ECF No. 73 at 3-7; 13-15; 66-92.) After reviewing the parties' detailed pleadings and holding two discovery hearings, (see ECF Nos. 77, 83), the Court ruled on the motions on February 6, 2018.

(ECF No. 85.) As relevant to the instant motion, the Court issued the following rulings[1] on Plaintiff's motions to compel further responses to her RFPs: granted as to RFP Nos. 4, 13, 21, 39, 45, 86, 87, and 95 and granted in part (only for the test year of 2014) as to RFP Nos. 88, 90, 91, 92, 97, 98, and 100. (Id. at 4-5.) The Court ordered that OGI produce its supplemental responses to these OGS-related RFPs within one week after Judge Bashant's denial of OGS' jurisdictional motion [ECF No. 61]. (ECF No. 85 at 4-5.)

OGI produced responsive documents on June 18, 2019, exactly one week after Judge Bashant's order denying OGS' jurisdictional motion was denied, and additional documents on June 25, 2019. (ECF No. 180-3 at 2-3; see also ECF No. 115 (denying jurisdictional motion on June 11, 2019).) OGI's production included nearly 1,500 pages of documents and the declaration of Pablo Pinochet, stating that he was an officer with pertinent knowledge, and that OGS did not have documents responsive to RFP Nos. 95 and 98. (ECF No. 180-3 at 2, 5-8.)

On July 23, 2019, after a discovery hearing on July 19, 2019, this Court stayed Plaintiff's deadline to file a joint motion for determination of discovery dispute regarding Defendants' production of documents as required by the Court's February 6, 2019 order, to be reset at a case management conference after Judge Bashant's ruling on the pending motion for summary judgment. (ECF No. 159 at 3.) The Court held telephonic case management conferences on September 11 and September 17, 2019, (ECF Nos. 174, 177), and recognizing that roughly three months had passed for Plaintiff to review OGI's document production, the Court ordered Plaintiff to file her motion[2] by

---

[1] At the time they were issued, the Court's order granting OGI's supplemental responses to certain RFPs requesting OGS-related documents were contingent on Judge Bashant's denial of OGS' jurisdictional motion. (See ECF No. 85 at 4-5.) Since Judge Bashant has since denied the motion in question, (ECF No. 115) this order will disregard the conditional aspect to streamline the discussion.

[2] The Court permitted Plaintiff to file a motion on her own behalf, without using the joint discovery motion procedure outlined in Judge Berg's Chambers Rules, and issued a deadline for Defendants' opposition thereto. (ECF No. 179 at 3-4.)

| | |
|---|---|
| 1 | 4:00 p.m. on September 20, 2019.  (ECF No. 179 at 3.)  Plaintiff timely filed the instant |
| 2 | motion, claiming that the documents OGI provided "do not comply with the Court's |
| 3 | orders and are not responsive to Plaintiff's discovery requests."  (ECF No. 180-1 at 2.) |
| 4 | She asks the Court to order Defendants to "provide English translations of any |
| 5 | documents provided to Plaintiff by [OGI] on June 18, 2019 and June 25, 2019 to the |
| 6 | extent that English translations have ever been made of the documents," (id. at 6), "to |
| 7 | organize and label their document production to correspond to the categories in |
| 8 | Plaintiff's requests," (id. at 7-8), "to comply with [the Court's order RFPs 39, 45, 86, 87, |
| 9 | 88, 89, 90, 91, 92, 97, and 100," (id. at 10), and "to provide its electronic accounting |
| 10 | records," (id. at 11).  Plaintiff also asks the Court to acknowledge Plaintiff's claim that |
| 11 | she "has not waived any of her rights to take discovery on any appropriate subject."  (Id. |
| 12 | at 8.) |

### III.     LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at trial to be discoverable.  Id.  District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party has had ample opportunity to obtain discovery; or the discovery sought is beyond the scope of Federal Rule of Civil Procedure 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1).

Federal Rule of Civil Procedure 37(a) authorizes a party to move the Court to compel further production of documents. Fed. R. Civ. P. 37(a)(3)(iv). Rule 37 (b) authorizes the Court to enter such further orders as are just to address a party's violation of the Court's prior discovery order. Fed. R. Civ. P. 37(b)

## IV. DISCUSSION

### A. Adequacy of Meet and Confer

Defendants argue that one of the reasons the Court should deny Plaintiff's motion is because Plaintiff failed to meet and confer as required by Civil Local Rule 26.1(a) until less than two hours before the deadline to file the instant motion regarding the alleged specific deficiencies in OGI's June 2019 document production, "that the documents were <u>not organized properly</u>; that the documents responding to four RFPs were '<u>incomplete</u>' and that seven RFPs were '<u>not responded to at all.</u>'" (ECF No. 185 at 2, 14-15.) While Plaintiff's motion asserts that Plaintiff's meet and confer efforts included an exchange of letters on July 9, 2019 and telephonic meet and confer sessions on August 28, 2019 and September 20, 2019, (ECF No. 180-1 at 11), Defendants explain that despite the fact that they asked Plaintiff's counsel to tell them what he believed was missing from the production in question on July 8, 2019, it was not until September 20, 2019 that Plaintiff's counsel identified any specific alleged deficiencies, (ECF Nos. 185 at 4; 185-1 at 2-3).

Civil Local Rule 26.1(a) states that "[t]he Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues. . . . If counsel have offices in the same county,

they are to meet and confer in person. If counsel have offices in different counties, they are to confer by telephone. Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." CivLR 26.1(a). Judge Berg's Civil Chambers Rule IV.A., addressing discovery disputes, directs the parties that they "are to promptly meet and confer regarding all disputed issues, pursuant to the requirements of Civil Local Rule 26.1(a).

It seems to the Court that by waiting until less than two hours before the filing of the instant motion, Plaintiff's counsel made it very unlikely that the meet and confer would be effective. It did not leave time for the parties to exchange further information or review one another's arguments, or for Plaintiff to amend her motion accordingly. On the other hand, the Court recognizes that while Plaintiff had months to review the document production, the Court gave the September 20, 2019 filing deadline on September 17, 2019. Given the short notice of the filing deadline, and the fact that Plaintiff's counsel did at least have a telephone conversation with Defendants' counsel on September 20, 2019, the Court will not consider the minimal meet and confer a barrier to consideration of the instant motion.

**B.** **Motion to Compel Production of English Translations of OGS Documents**

Plaintiff states that OGI's document production related to OGS is in Spanish. (ECF No. 180-1 at 5.) She cites to authority for the position that if a party producing foreign language documents has English translations of those documents in its custody or control, it may be compelled to produce such translations. (Id. (citing Toyo Tire & Rubber Co. v. CIA Wheel Grp., No. SA-CV-1500246-DOC-DFMX, 2016 WL 6246383, at *2 (C.D. Cal. Jan. 14, 2016)).) Plaintiff and her expert suspect that OGI has English translations of at least some of the documents produced. (ECF No. 180-1 at 4 ("It's not particularly plausible that [OGI] relies on critical financial documents in from its corporate sibling and its factory . . . in a language that no one at [OGI] . . . can understand."); ECF No. 180-2 at 2-3 ("[F]rom a finance and accounting perspective, I would anticipate that financial statements pertaining to a foreign entity with common

6

domestic ownership would be translated into the native language (English) and reporting currency of the domestic entity ([OGI]). Such translation and conversion would necessarily allow ownership management (i.e. Mr. Tarut) to review the financial results of [OGS] and thereby have intelligible and strategic decisionmaking[sic] conversations about both Old Gringo Entities individually and collectively. In addition, while I am not a tax preparer, I believe that Mr. Tarut's and [OGI's American] accountants . . . would necessarily need to know some level of information concerning [OGS] . . .").) Based on the foregoing, Plaintiff asks the Court to order "Defendants [to] provide English translations of any documents provided to Plaintiff by [OGI pursuant to the Court's order, (ECF No. 85)]." (ECF No. 180-1 at 6.)

Defendants do not cite any contrary authority, and instead argue that Plaintiff failed to specifically ask for English translations in her RFPs and that the instant motion is untimely.[3] (See ECF No. 185 at 12.) Finally, Defendants assert that "no English translations exist of any of the Mexican documents," and they cite to three declarations from people with knowledge that support this assertion. (Id. at 12-13.) Specifically, Defendant Ernest Tarut, President of OGI and part-owner of OGS, states in his declaration that neither OGS, OGI, nor Tarut himself have in their care, custody, or control, any English translations of the documents in question. (ECF No. 184 at 2.) Defendant Yan Ferry, an officer of OGI and an owner of OGS, states that neither he, OGS, nor OGI have any English translations of the documents in question. (ECF No. 184-1 at 2.) Finally, Pablo Pinochet, the Corporate Director OGS, states that OGS does not have English translations of the documents in question in its care, custody, or control. (ECF No. 184-2 at 2.)

---

[3] Defendants also argue that they should not bear the burden of creating English translations. (See ECF No. 185 at 11-13.) Since Plaintiff does move to compel Defendants to create such translations, the Court will not address this argument.

7

The Court notes that the RFPs requested documents from OGI based on their nature, without reference to the language they were written in. The Court does not read the requests as exclusively for Spanish-language documents. If OGI has English language documents of internally created documents responsive to the RFPs within its possession, custody, or control, the Court would consider those to be responsive. For instance, an OGS balance sheet generated by OGS or its agents—whether in English or Spanish, pesos or dollars—is still an OGS balance sheet. The same is not true for documents produced by third parties, such as bank account statements. Unless issued by the bank in multiple languages, any translations of a bank's account statements would not be account statements, and would not be responsive to the initial request. Additionally, as described above in Section II, the Court extended Plaintiff's deadline to file the instant motion, so Defendants' timeliness arguments are not well-taken.

The Court now turns to Defendants' assertion that no English translations of any of the documents at-issue exist. At first blush, Defendants' declarations appear to indicate that neither Yan, Ferry, Pinochet, nor OGS have within their care, custody or control an English language translation of even one of the documents from OGI's OGS-related production pursuant the Court's February 6, 2019 order. The Court notes, however, that the statement that Defendants do "not possess any English translations of the financial documents produced in June 2019," could be interpreted to mean that they do not have English translations of <u>all</u> of the documents, rather than <u>any</u> of the documents. In case this distinction was intended, the Court **GRANTS** Plaintiff's motion and **ORDERS** OGI to produce all English-language translations in its care, custody, or control, of any of the OGS-related documents it produced to Plaintiff in June 2019.

C.     **Motion to Compel Organization of Document Production**

Plaintiff claims that OGI's production fails to comply with Federal Rule of Civil Procedure 34, which requires that documents be produced "as they are kept in the usual course of business or . . . organize[d] and label[ed] . . . to correspond to the categories in the request." (ECF No. 180-1 at 6 (citing Fed. R. Civ. P. 34(b)(2)(E)(i)).)

Plaintiff claims that "Defendants did not organize or label the documents – consisting of over 1,500 pages – at all," such that "there is no way for Plaintiff to determine what documents are supposed to respond to which requests." (Id.) Defendants assert that "[w]hile the production of Mexican documents were not 'tabbed' by category, the documents responsive to each RFP were kept together, in chronological groups, and best efforts had been made to ensure that the documents were Bates stamped and provided in the order of the Court's February 6, 2019 Order ruling individually by RFP number." (ECF No. 185 at 6.) Defendants' counsel also, within approximately one hour after receiving a phone call from Plaintiff's counsel claiming that responses to certain RFPs were incomplete or not provided, sent an email to Plaintiff's counsel identifying the Bates numbers of the documents that were responsive to RFP Nos. 39, 45, 86, 87, 88, 90, 91, 92, 97, and 100. (See ECF No. 185-1 at 11-12.)

The Court has inadequate information about the production here to ascertain whether it ought to apply the production rules for documents or electronically stored information in this case. See TetraVue, Inc. v. St. Paul Fire & Marine Ins. Co., Case No.: 14cv2021-W (BLM), 2017 WL 1008788, at *7 (S.D. Cal. Mar. 15, 2017) ("Rule 34(b)(2)(E)(i) governs hard copy documents, and (E)(ii) governs ESI, with no overlap between.") (quoting Anderson Living Trust v. WPX Energy Prod., LLC, 298 F.R.D. 514, 527 (D.N.M. 2014)). Though the documents were largely produced on a flash drive, it is unclear whether the documents had been scanned from hard copy, or generated from electronic storage. Since Defendants do not argue for the application of any other standard, the Court will apply Rule 34(b)(2)(E)(i). In light of the fact that Defendants do not argue that OGI produced documents as stored in the ordinary course of business, and instead Defendants assert that OGI's June 2019 production is organized by RFP, Rule 34 requires that the records be organized and labeled to respond to the RFPs. Defendants' Counsel's explanation of how the document production is organized (by RFP as addressed in the Court's order) and the email on September 20, 2019, identifying by Bates number which documents responded to certain RFPs demonstrates that OGI's

9

17cv1996-BAS(MSB)

June 2019 document production is already Bates-stamped, and OGI can efficiently satisfy their burden under Rule 34.  The Court therefore **GRANTS** Plaintiff's motion and **ORDERS** OGI to provide supplemental responses to Plaintiff, indicating the Bates numbers of the documents responsive to each RFP for which the Court ordered production on February 6, 2019.

D. **Plaintiff's Request for an Advisory Discovery Opinion**

Without authority, Plaintiff asks this Court to acknowledge in this Order that "Plaintiff has not waived any of her rights to take discovery on any appropriate subject (as permitted under Rule 26 and Mexican civil procedure) from [OGS]." (ECF No. 180-1 at 8.)  Plaintiff makes this request on the basis that she "believes that Defendants will later point to this June 2019 production in response to discovery directed to [OGS] and claim that [OGS] already turned over everything Defendants had in response, and since Plaintiff didn't object, Plaintiff is out of luck." (Id.)  Plaintiff's request seeks an advisory opinion on a dispute that is not ripe for review.  See, e.g., Slagowski v. Cent. Washington Asphalt, No. 2:11-CV-00142-APG, 2014 WL 3001951, at *6 (D. Nev. July 1, 2014) ("First, the relief Zemke seeks is an advisory opinion concerning a dispute that is not ripe for review.  He argues that a protective order should be entered because Central Washington defendants 'will attempt improper supplementation.' This is an improper request for relief.") (citing U.S. CONST. art. III, § 2).  The Court declines Plaintiff's request to render an advisory opinion pursuant to this motion and **DENIES** the motion.

E. **Completeness of Production Pursuant to this Court's Order**

Plaintiff argues that the documents Defendants tendered pursuant to the Court's February 6, 2019 Order were insufficient.  Plaintiff seeks responses to RFPs 88, 89, 90, 91, 92, 97, and 100 indicating that no response at all was received.  Plaintiff seeks additional responses to RFPs 39, 45, 86, and 87 indicating that the responses were incomplete.

///

///

### 1. RFPs to which Plaintiff claims OGI provided no response: RFP Nos. 88-92, 97, 98, and 100

In their original RFPs to OGI, Plaintiff included a series of requests that sought detailed financial information regarding OGS from 2012 through 2018. When Plaintiff moved to compel production through a joint motion for determination of discovery dispute, the Court granted in part Plaintiff's motion to compel production pursuant to RFP Nos. 88, 90, 91, 92, 97, 98, and 100, but required OGI to produce only documents for one test year, the year 2014. (ECF No. 85 at 5.) The Court denied Plaintiff's RFP No. 89, which requested OGS' tax records for the period in question. (Id. at 4, see also ECF No. 58 at 53.)

As to all of these RFPs, Plaintiff claims that OGI failed to produce any documents at all. (ECF Nos. 180-1 at 8; 180-2 at 5.) Plaintiff claims to have met and conferred with Defendants on multiple occasions regarding OGI's OGS-related document production, during which "Defendants' counsel offered no concessions . . . , maintained that there are no English-language versions of the documents, maintained that the documents comply with the organizational requirements if Rule 34 because they are 'basically in order,' insisted that the documents came from [OGS] rather than [OGI], did not respond to or disagreed with Plaintiff's position that several categories of documents are missing, and did not respond to Plaintiff's counsel's suggestion that the parties jointly contact the Court to request more time to file this motion to provide the parties additional time to resolve the matters discussed herein." (ECF No. 180-1 at 11.)

Defendants' counsel states that even though Plaintiff's counsel had received all of OGI's production of OGS-related documents pursuant to the Court's Order, (ECF No. 85), on July 7, 2019, (ECF No. 185 at 3), the first time Plaintiff informed Defendants of the deficiencies in the document production complained about in this motion was during a phone call less than two hours before Plaintiff's deadline to file the instant motion. (Id. at 3-7.) Defendants' provide an email sent to Plaintiff's counsel less than one hour after Plaintiff called with concerns, identifying by Bates number the documents that were

responsive to each RFP Plaintiff claimed had been inadequately responded to. (ECF No. 185-1 at 11-13.) That email identifies documents responsive to the Court's order to produce documents for the test year of 2014 pursuant to RFP Nos. 88, 90, 91, 92, 97, 98, and 100. (Id.) Nothing in Plaintiff's motion, or the declarations of Mssrs. Vanetti and Norris, explains why the documents identified by Defendants are not responsive or sufficient. (See ECF Nos. 180-2, 180-3.) Based on the record before the Court, Plaintiff has not demonstrated that Defendant failed to comply with the Court's Order as it pertains to this group of RFPs. Accordingly, Plaintiff's motion to enforce compliance to the Court's order regarding these RFPs is **DENIED**.

2. **RFPs to which Plaintiff claims OGI provided incomplete responses: RFP Nos. 39, 45, 86, and 87**

There are four RFPs to which Plaintiff alleges OGI provided incomplete responses.

RFP Nos 39 and 45 sought "all documents identifying or concerning" the gross and net profit for 2014. (ECF No. 73 at 69, 82.) Defendants' counsel identified a single page of discovery responsive to both of these requests: the 2014 profit and loss statement. (ECF No. 185-1 at 12.) Plaintiff, through her expert, argues that "there should be other documents available, (e.g. trial balances, a general ledger, tax returns, etc.) which would also show the gross profit of OGS in 2014" and "more documents available which would identify and presumably serve to support the net profit of OGS in 2014." (ECF No. 180-2 at 5.) Defendants argue that such additional documents were turned over for the 2014 test year, noting that Defendants did produce OGS' trial balance, general ledger, and other specific documents for 2014. (ECF No. 185 at 8; see also ECF No. 185-1 at 11-12 (providing Bates numbers for OGS' 2014 internal trial balance, monthly account statements and reconciliations, general ledger, compensation and duty documents, and lease agreements).) Based on the information provided to the Court, it appears that the requested documents were in fact produced as ordered. Plaintiff's motion to enforce compliance with regard to RFP Nos. 39 and 45 is therefore **DENIED**.

RFP Nos. 86 and 87 requested internal profit and loss statements and fiscal year-end balance sheets for 2012 through 2017, including draft and preliminary versions thereof. (ECF No. 58 at 44, 47.) The Court granted Plaintiff's motion to compel supplemental responses to these RFPs in their entirety. (ECF No. 85 at 4.) Plaintiff's expert claims that Defendants' production pursuant to RFP No. 86 "was incomplete because no preliminary drafts or other internal iterations of documents were provided." (ECF No. 180-2 at 5.) He states that he has never before seen "income statements without drafts leading to 'final' versions," and that these drafts are important to review for valuation purposes. (Id.) Similarly, he states that Defendants' production under RFP No. 87 is insufficient because "there naturally should have been drafts of the 'final' balance sheets provided from 2012 through 2017; however, no such drafts were provided." (Id. at 6.) He posits that "it would be difficult if not impossible for any third-party CPA to audit any balance sheets [as Defendants claim OGS' balance sheets have been audited] without seeing draft versions and comparing them to final versions, which is a routine part of auditing such documents." (Id.) While Defendants did not address Plaintiff's concern regarding drafts or preliminary versions of these documents in their briefing on this motion, counsel's email responding to Plaintiff's alleged deficiencies stated that "there are no 'drafts and draft versions and preliminary versions'" of these documents. (ECF No. 185-1 at 12-13.)

"This Court cannot compel the production of documents that do not exist." Medina v. Cty. of San Diego, Civil No. 08CV1252 BAS (RBB), 2014 WL 4793026, at *19 (S.D. Cal. Sept. 25, 2014) (quoting Banks v. Beard, Civil No. 3:CV-10-1480, 2013 WL 3773837, at *2 (M.D. Pa. July 17, 2013)). However, in light of the Plaintiff's counsel's strong opinion that drafts and preliminary versions of OGS' profit and loss statements and fiscal year-end balance sheets are likely to exist, Defendants' counsel's representation to Plaintiff in an email that such documents do not exist is insufficient. Plaintiff's motion to enforce compliance is therefore **GRANTED**. OGI must supplement its response to RFP Nos. 86 and 87 to state whether draft and preliminary versions of

the ordered documents exist. If they do not exist, OGI must submit the declaration of someone with knowledge explaining efforts taken to locate such documents, that they do not exist, and why. See 7 James Wm. Moore, et al., Moore's Federal Practice § 34.13[2][a], at 34-57 (3d ed. 2017) (providing that when a party responds to a document request with an answer, as opposed to production or an objection, the party must answer under oath) (footnote omitted); see also Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012) ("If there are no other responsive documents in [d]efendant's possession, custody, or control, after conducting this further attempt to locate records, [the party resisting discovery] must state so under oath and describe efforts [the party] made to locate responsive documents.") (citation omitted); SolarCity Corp. v. Doria, Case No.: 16cv3085-JAH (RBB), 2018 WL 467898, at *7 (S.D. Cal. Jan. 18, 2018) (same).

## F. Plaintiff's Requests for Additional Discovery

In addition to asking this Court to order OGI to make its document production comply with the Court's February 6, 2019 order, Plaintiff asks the Court to order substantial additional discovery. For example, in a footnote and without any authority, Plaintiff contemplates whether "the Court might be inclined to order Defendants to reveal the name and contact information of [OGS'] third party outside accountants to expedite the process [of deposing that person]" and "requests that the Court do so." (ECF No. 180-1 at 9.) Plaintiff also asks, again without legal authority,[4] for the Court to order OGI to turn over OGS' complete electronic accounting records. (Id. at 10.) Plaintiff argues that ordering such disclosure will "help[] remedy the incomplete production of [OGS'] financial documents," "serv[e] as a proportionate response to Defendants' renewed failure to comply with discovery demands and the Court's orders," and make Plaintiff's discovery into OGS's finances equal to her discovery of OGI's

---

[4] The Court notes that Plaintiff's argument includes voluminous explanations of why she and her expert want these records and information, why they believe they exist, and how that would make the OGS documents production have parity with that of OGI. (ECF No. 180-1 at 8-11.)

14

finances. (Id. at 10.) Defendants oppose these requests, noting that the Court did not order the production of these items previously and that Plaintiff has never demonstrated that the test year documents do not verify OGS' previously provided financial statements. (ECF No. 185 at 9-10.)

The Court does not find any compelling reason to revisit its February 6, 2019 order. Finding no legal or factual support for her argument, the Court **DENIES** Plaintiff's request for further discovery from OGI, not previously ordered by the Court.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to enforce compliance with the Court's Orders for determination of Discovery Dispute is **DENIED in part** and **GRANTED in part** as follows:

1. OGI is to provide English translations, if they exist, of any of the documents produced in Spanish to Plaintiff in June 2019 no later than **November 6, 2019**.

2. OGI is to serve supplemental responses to RFP Nos. 4, 13, 21, 39, 45, 86, 87, 88, 90, 91, 92, 95, 97, 98, and 100, as required by the Court's February 6, 2019 order no later than **November 6, 2019**. Such responses must indicate the Bates numbers of the pages responsive to each request, and if requested documents do not exist, explain why. Such representations should be made under oath by a person with knowledge.

**IT IS SO ORDERED.**

Dated: November 1, 2019

Honorable Michael S. Berg
United States Magistrate Judge