UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>OLD GRINGO, INC., et al.,<br><br>Defendants. | Case No.: 17cv1996-BAS (MSB)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE MOTION TO EXCLUDE PLAINTIFF'S EXPERT REPORT AS UNTIMELY**<br><br>**[ECF NO. 212]** |

On January 10, 2020, Defendants Old Gringo, Inc. ("OGI"), Old Gringo S.A. de C.V. ("OGS"), Ernest Tarut, and Yan Ferry filed their "Ex Parte Application for Leave to File Motion to Exclude Plaintiff's Expert Report as Untimely." (ECF No. 212.) Plaintiff filed her Opposition on January 14, 2020. (ECF No. 218.) For the reasons discussed in this order, the Court **GRANTS** Defendants' motion.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a former designer for Defendants Old Gringo, Inc. ("OGI") and Old Gringo, S.A. de C.V. ("OGS") (a Western wear manufacturer and distributor and its Mexican sister company, together the "Old Gringo Companies") alleges that the principles and officers of the Old Gringo Companies, Defendants Ernest Tarut ("Tarut") and Yan Ferry ("Ferry"), told her in January 2013 that they were giving her a 5%

ownership interest in the Old Gringo Companies, but in fact, no such interest was conveyed. (See ECF No. 1.) This basic allegation underlies the remaining causes of action in this case.

This case was filed on September 28, 2017. (ECF No. 1.) The deadline for expert disclosures was August 17, 2018 and the deadline for rebuttal disclosures was September 17, 2018. (ECF No. 18 at 2.) All other motions to amend or join parties and motions in limine were to be filed no later than January 25, 2019. (ECF No. 33 at 4.) Pretrial disclosures were due on January 13, 2020 and the parties were to meet and confer pursuant to Civil Local Rule 16.1.f.4.a by January 20, 2020. (ECF No. 179 at 6-7.) Plaintiff's counsel is to provide opposing counsel with the proposed pretrial order by January 27, 2020, and the parties are to lodge the proposed pretrial order by February 3, 2020. (Id. at 7.) The final Pretrial Conference is set for February 17, 2020, followed by dates for motions in limine and trial. (Id.)

Plaintiff first served Defendants with a report from her valuation expert, Joshua Vannetti, on or about September 19, 2018. (ECF No. 218 at 2.) Plaintiff served an updated report on or about April 24, 2019. (Id.) On December 20, 2019, Plaintiff served "Old Gringo, Inc. and Old Gringo, S.A. de C.V., Inc. Supplemental Report in Accordance with FRCP 26(e) Fair Market Value Analysis As of November 29, 2019" on Defendants. (See ECF No. 212-1 at 2; ECF No. 218 at 3.)

Plaintiff filed the instant motion, seeking leave to file a motion to exclude Plaintiff's December 20, 2019 report, on January 10, 2020. (ECF No. 212.) Plaintiff filed an opposition on January 14, 2020. (ECF No. 218.)

## II. DISCUSSION

In the instant motion, Defendants request leave to file a "Motion to Exclude Plaintiff's Expert Report as Untimely," and also request that "the Court stay the deadline for Defendant's Expert Rebuttal Report until after the Court has ruled on Defendant's proposed motion, or at least until January 20, 2020, which is the 30-day deadline for review and rebuttal of an original report, per Rule 26(a)(2)(D)(ii)." (ECF No. 212-1 at 3.)

Plaintiff's Opposition, addresses the substance of the motion that Defendants seek leave to file, but does not assert that Plaintiff's should not be permitted to file the motion in the first instance. (See ECF No. 218.)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases). "If that party was not diligent, the inquiry should end." Id.

In support of their requests, Defendants argue that they could not have possibly filed the instant motion before the January 25, 2019 deadline, because they had not yet received the expert report they now seek to challenge. (ECF No. 212-1 at 4.) They further note that Plaintiff's late disclosure has placed Defendants "in a difficult situation" by disclosing the expert report in question fewer than 30 days before the deadline for pretrial disclosures. (Id. at 2.) The Court agrees that Defendants could not have brought the instant motion until after they received Plaintiff's December 20, 2020 expert report. The Court finds that filing the instant motion on January 10, 2020 was reasonably diligent given the unexpected timing of the disclosure and the intervening holidays and **GRANTS** the motion for leave to file a motion after the deadline. Given Plaintiff's lack of opposition, the Court also **CONTINUES** Defendants' deadline to submit a rebuttal expert report to **January 23, 2020**.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion as follows:

1. Defendants may file a motion to exclude Plaintiff's expert report as untimely on or before **January 24, 2020**. Plaintiff shall file her Reply, if any, no later than **January 28, 2020**.

2. Defendants have until **January 23, 2020** to provide their rebuttal expert report.

**IT IS SO ORDERED.**

Dated: January 21, 2020

Honorable Michael S. Berg
United States Magistrate Judge