UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>                          Plaintiff,<br><br>v.<br><br>OLD GRINGO, et al.,<br><br>                        Defendants. | Case No.: 17cv1996-BAS (MSB)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO AMEND THE SCHEDULING ORDER**<br><br>**[ECF NO. 209]** |

Before the Court is Plaintiff's "Ex Parte Motion to Amend Scheduling Order and Extend or Vacate Remaining Pretrial and Trial-Related Deadlines and Dates" ("Instant Motion"), filed on January 8, 2020. (See ECF No. 209.) Defendants filed their Opposition on January 9, 2020. (ECF No. 210.) The Court finds this motion suitable for ruling on the papers pursuant to Civil Local Rule 7.1 (d). For the reasons discussed in this Order, the Court **DENIES** Plaintiff's motion.

    **I.**        **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a former designer for Defendants Old Gringo, Inc. ("OGI") and Old Gringo, S.A. de C.V. ("OGS") (a Western wear manufacturer and distributor and its Mexican sister company, together the "Old Gringo Companies") alleges that the principles and officers of the Old Gringo Companies, Defendants Ernest Tarut ("Tarut") and Yan Ferry ("Ferry"), told her in January 2013 that they were giving her a 5%

1

ownership interest in the Old Gringo Companies, but in fact, no such interest was conveyed. (See ECF No. 1.) This basic allegation underlies the remaining causes of action in this case.

This case was filed on September 28, 2017. (ECF No. 1.) The first scheduling order was issued on March 2, 2018 by Magistrate Judge Stormes, who was then the magistrate judge handling this case. (ECF No. 18.) Judge Stormes then set the fact and expert discovery deadline for October 15, 2018. (Id. at 2.) Judge Stormes issued a First Amended Scheduling Order on September 27, 2018, wherein she continued the deadline for the completion of the depositions identified by the parties to December 14, 2019. (ECF No. 33 at 3.)

Even though discovery in this case closed on October 15, 2018, this Court has spent significant time and patience over the last thirteen months resolving the parties' persistent discovery disputes. (See, e.g., ECF Nos. 49, 56, 68, 70, 72, 77, 78, 80, 82, 83, 85, 86, 87, 92, 93, 99, 100, 108, 112, 113, 140, 141, 154, 159, 164, 166, 171, 174, 175, 176, 177, 179, 186, 191, 194, 195, 199, 201, 202, 205, 206, 208 and 219.) A large part of this time was spent addressing Plaintiff's motions to compel further responses to production of documents from Defendant OGI, primarily regarding the finances of both OGI and OGS and a protective order to facilitate that exchange of documents. (See, e.g., ECF Nos. 58, 73, 78, 85, 90, 92, 94, 100, 121, 127, 128, 129, 159, 175, 180, and 194.)

At the same time, this case was being litigated through motions before the District Court. Having been served late in the proceedings, (see, e.g, ECF No. 33 at 3 (OGS had not been served on September 27, 2018)), OGS first specially appeared in the case on December 10, 2018, when it filed a "Motion to Quash Service of Summons for Lack of Personal Jurisdiction or, in the Alternative, to Stay or Dismiss the Action of the Ground of Forum Non Conveniens." (See ECF No. 61.) Judge Bashant denied that motion on June 11, 2019. (ECF No. 115.) OGS answered on June 17, 2019. (ECF No. 116.)

2

17cv1996-BAS (MSB)

Defendants OGI, Yan, and Ferry filed their first Motion for Summary Judgment October 19, 2018. (ECF No. 38.) On December 13, 2018, Judge Bashant granted the motion in part, and denied it in part. (ECF No. 62.) Defendants OGI, Yan, and Ferry filed a Motion for Reconsideration on December 20, 2018, (ECF No. 63), which Judge Bashant denied on December 26, 2018, (ECF No. 67). On January 25, 2019, Defendants OGI, Yan, and Ferry filed a second motion for summary judgment or summary adjudication. (ECF No. 79.) OGS joined in this motion after making a general appearance on June 18, 2019. (ECF No. 119.) Judge Bashant denied this motion on August 13, 2019. (ECF No. 163.)

On April 26, 2019, with a pretrial conference scheduled for May 20, 2019 and trial to proceed on July 16, 2019, Plaintiff filed an ex parte motion to continue the pretrial and trial related dates by 90 to 120 days. (See ECF No. 33 at 5-6; ECF No. 101.) Plaintiff based her request on unresolved discovery issues regarding the valuation of the defendant companies, and uncertainty about whether late-served and specially-appearing defendant, Mexican company Old Gringo, S.A. de C.V. ("OGS"), would remain in the case for trial. (See id.) With both the motion to quash service of summons and the second defense motion for summary judgment then pending, the Court vacated the pretrial dates and instructed the parties to contact chambers to schedule a case management conference within three days of Judge Bashant's rulings on the pending motions. (ECF No. 103.) Judge Bashant issued rulings denying OGS' jurisdictional motion on June 11, 2019, (ECF No. 115), and denying Defendants' motion for summary judgment on August 13, 2019, (ECF No. 163).

After Judge Bashant denied Defendants' motion, the parties placed a joint call to chambers on August 16, 2019, and the Court set a Case Management Conference for September 11, 2019, based on the parties' availability. (See ECF No. 164.) Pursuant to the Court's order, the parties submitted a Joint Discovery Plan on September 6, 2019, specifically addressing the parties' positions on discovery regarding the newly-appeared OGS, and the resetting of pretrial and trial dates. (See ECF Nos. 164, 172.) While the parties raised many issues over 39 pages, their positions can be briefly summarized:

Plaintiff stated that she required discovery from OGS "on the subject of OGS' financial condition, finances, and value," and requested 10 to 12 months to conduct such discovery, particularly because OGS is a Mexican company, and Plaintiff's expert anticipated that it would take approximately that amount of time to use the Hague Evidence Convention to effectuate discovery in Mexico. (ECF No. 172 at 10-11.) On the other hand, OGS noted that Plaintiff had obtained substantial discovery regarding OGS from the other defendants in this action and argued that the discovery period had closed, and discovery from OGS should be limited to relevant information which Plaintiff could not have already obtained by other means. (Id. at 14-15, 19, 31.) Nevertheless, OGS agreed to additional depositions of Tarut and Ferry, who refused to answer questions about OGS at their initial depositions; to make three OGS witnesses available for voluntary depositions in Mexico; and stated they would likely agree that Plaintiff should be entitled to OGS discovery that could not have been obtained during open discovery. (Id. at 14-15.) Plaintiff argued for following the Hague Evidence Convention procedures, rather than voluntary discovery under the Federal Rules as suggested by Defendant, based on Plaintiff's expert's opinion that not following Hague Evidence Convention could jeopardize Plaintiff's efforts to collect a future judgment against Mexican-based assets. (Id. at 28-29.)

The Court then held telephonic case management conferences on September 11 and 17, 2019. (ECF Nos. 174, 177.) After considering the parties' extensive briefing and oral advocacy regarding the appropriateness of permitting Plaintiff to conduct further discovery into OGS, on September 19, 2019, the Court issued a Second Amended Scheduling Order reiterating discussions and indicated orders from the September 17 conference. (ECF No. 179.) The Order permitted Plaintiff nearly four additional months—not the 10 to 12 requested by Plaintiff—to conduct discovery into OGS. (Id. at 4-5 & n.1.) The Order further specified that such discovery was to be "completed by Plaintiff on or before **January 13, 2020**," and emphasized that "[i]t is incumbent on Plaintiff to diligently pursue discovery within the time provided." (Id. at 4-5.)

Plaintiff filed her first motion asking the Court to issue a letter of request to Mexico ex parte on October 10, 2019. (See ECF No. 189.) While Defendants did not oppose the issuance of a letter of request generally, they opposed the motion on procedural grounds and objected certain content of Plaintiff's proposed letter on substantive grounds on October 15, 2019. (See ECF No. 190.) After finding that Plaintiff's counsel had completely disregarded his requirement to meet and confer with opposing counsel and improperly filed the motion ex parte, the Court denied the motion without prejudice on October 25, 2019. (ECF No. 191.) On November 16, 2019, the parties filed a Joint Motion for Determination of Discovery Dispute asking the Court to resolve disagreements regarding Plaintiff's letter of request. (ECF No. 198.) Because the joint motion did not include the schedules to be attached to Plaintiff's proposed Letter of Request, the Court denied the motion on November 18, 2019. (ECF No. 199.) Plaintiff refiled the parties' joint motion with the necessary attachments on November 19, 2019. (ECF No. 200.) On November 25, 2019, the Court issued an order instructing Plaintiff to resubmit her Letter of Request with certain modifications, so that the Court could issue it. (See ECF No. 201.) The Court signed the Letter of Request on December 2, 2019, (ECF No. 202), and a certified copy was made available to Plaintiff on December 5, 2019. (ECF No. 209-1 at 2.)

Plaintiff filed the Instant Motion, asking to continue all remaining dates by at least four months, on January 8, 2020, just five days before discovery cut-off. (ECF No. 209.) Defendants opposed the motion on January 9, 2020. (ECF No. 210.)

## II. DISCUSSION

**A. Procedural Issues**

Defendants have raised two procedural objections to Plaintiff's motion. First, Defendants claim that the Instant Motion qualifies as a discovery motion and should have been filed as a joint motion under the Court's Civil Chambers Rule IV.F. (ECF No. 210 at 2.) Second, Defendants argue that the Instant Motion is not timely because it

was not filed seven days prior to the January 13, 2020 OGS discovery cut-off as required by Court's Civil Chambers Rule V. (Id. at 3.)

The Court construes the Instant Motion to change a discovery deadline and trial-related dates set in the Second Amended Scheduling Order [ECF No. 179] as a motion to modify the scheduling order, not a discovery dispute motion, subject to Civil Chambers Rule V, but not Civil Chambers Rule IV. The Court does not require that motions to modify the scheduling order be brought by joint motion; but does require that "any request to continue an ENE, MSC, or scheduling order deadline shall be made in writing no less than **seven (7) calendar days** before the affected date." Civil Chambers Rule V (emphasis in original). Plaintiff explains in the Instant Motion that her counsel was "severely ill on January 6 and January 7," and that "Plaintiff's counsel also wished to file because he believed that more information on the Mexican authorities' timetable might be forthcoming by January 8." (ECF No. 209-1 at 3.) Defendants argue that given the fact that Plaintiff's counsel has known he would be filing this motion since December 19, 2019, and since he has experienced multiple last minute emergencies that have caused him to miss filing deadlines in this case, "diligence would require that Plaintiff's counsel not wait until the very last day of a deadline to prepare a motion that Plaintiff has known about the need for since at least December 19, 2019." (ECF No. 210 at 4.)

The Court agrees that the instant motion is untimely under the circumstances. Nevertheless, the Court exercises its discretion and will not deny the motion on this basis.

**B.      Plaintiff Has Not Shown Good Cause to Amend the Scheduling Order**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and

6

collecting cases). "If that party was not diligent, the inquiry should end." Id.; (see also ECF No. 203-1 at 6 (OGS citing same authority and standard), ECF No. 204 at 4 (Plaintiff citing same standard and authority).)

When ruling on Rule 16 motions to reopen discovery, the Ninth Circuit has instructed district courts to consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995).)

Here, Plaintiff asks to continue the remaining dates, including OGS discovery cutoff and pretrial dates by 120 days or vacate them all together until Plaintiff receives a response to the Court's Letter of Request from the Mexican Authority. (ECF No. 209 at 1.) In support of her request to modify the scheduling order to permit Plaintiff to complete OGS discovery pursuant to the Court's Letter of Request, Plaintiff argues that she "diligently complied with the complex procedure to secure the Letter of Request from the Court and duly transmitted it to Mexico, where is now awaits action by the Mexican authorities over whom Plaintiff has no control." (ECF No. 209-1 at 3, 5-11.) Detailing the timeline of Plaintiff's efforts to secure the Letter of Request from the Court, Plaintiff argues that Plaintiff's actions were both diligent and reasonable "given the scope of the task and the needed participation of Defendants and the Court." (Id. at 10.) Plaintiff adds that she "requires discovery from [OGS], embodied in the Letter of Request, to present her case at trial," specifically noting that she will not be able to compel the Mexican witnesses to testify at trial and their depositions are the only way to admit their testimony. (Id. at 11.)

In opposition, Defendants argue first that Plaintiff was not diligent because

though she knew that she intended to seek a letter of request to the Mexican Authority at least as early as May 2019, she waited until the Court issued the Second Amended Scheduling Order on September 19, 2019 to even begin the process. (ECF No. 210 at 4.) Defendants argue that Plaintiff should have begun this process after OGS appeared as a party in this case on June 17, 2019. (Id. at 4.) Defendants argue that Plaintiff lacked diligence even after the Court filed the Second Amended Scheduling Order, when knowing of the time constraints, Plaintiff did not properly file her motion as soon as possible. (Id. at 5.) Second, Defendants argue that Plaintiff has sufficient information to present her case at trial, as she has already received extensive discovery related to OGS, "including all financial statements and all communications for all relevant years," and Plaintiff will be deposing Defendants Tarut and Ferry, the majority owners and president of OGS (Ferry). (Id. at 6.) Finally, Defendants point out that Plaintiff has alleged no new facts since to indicate changed circumstances from those presented to the Court at the time of the September case management conference and considered by this Court when issuing the Second Amended Scheduling Order. (Id. at 6-7.)

Consideration of the prescribed factors in this case does not support modification of the scheduling order. For the second time, this case is at the point of pretrial disclosures, and quickly approaching trial, a fact that weighs against amending the scheduling order. Also for the second time, Defendants strongly oppose Plaintiff's request, noting that "[t]he disruption to Defendants' lives and businesses from this case has been extremely damaging. Defendants have been ready to go to trial in this case for over a year." (ECF No. 210 at 6.) The need for this discovery was foreseeable, as Plaintiff knew when she brought this case that OGS was a Mexican Corporation, and Plaintiff has not alleged any major changes in the applicable law between 2017 and now. It is also speculative when, if ever, Plaintiff will be able to complete discovery in Mexico pursuant to the Letter of Request. Plaintiff is not able to predict when she may hear from the Mexican Authority, (see ECF No. 209-1 at 3), and Mexico is not required to cooperate with a Letter of Request in any event, (see ECF No. 172-1 at 4 ("The courts

8

of Mexico have the judicial authority and discretion to deny any request they deem inappropriate or in violation of Mexico's internal laws.") .)

The last factor is Plaintiff's diligence. First the Court notes that it does not consider only Plaintiff's actions since September 19, 2019 when determining whether Plaintiff has acted diligently, it evaluates Plaintiff's diligence from the beginning of this case, particularly regarding the Letter of Request procedure that Plaintiff has insisted on utilizing in this case. Plaintiff brought this lawsuit naming Mexican Company, OGS, as a defendant. Plaintiff ought to have known from the beginning that it would seek discovery from OGS and could have learned that if she sought to use Hague Evidence Convention discovery procedures, such discovery would take approximately twelve months. Plaintiff did not have to wait for OGS to make a general appearance in this case to seek discovery from OGS under the Hague Evidence Convention, which "draws no distinction between evidence obtained from third parties and that obtained from the litigants themselves." Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa, 482 U.S. 522, 541 (1987). Instead, Plaintiff evidently sought documents and information regarding OGS from the other Defendants. (See ECF No. 58 at 44-101; ECF No. 73 at 3-7, 13-15, 66-92.) This approach was quite effective and resulted in the production of significant documents related to OGS, (see ECF Nos. 85), and the depositions of Tarut and Ferry into OGS' finances and operation, (ECF No. 159). If Plaintiff believed discovery via a letter of request was essential to her case, she waited until after OGS' appearance to seek it at her own peril.

In their Joint Discovery Plan submitted prior to the September 2019 Case Management Conferences, both parties offered extensive argument regarding whether Plaintiff should be permitted additional time to conduct discovery into OGS, and whether any continuance should accommodate the letter of request schedule Plaintiff advocated. The Court considered the timeline to date and the parties' arguments when it determined to grant the Plaintiff less than four months for additional OGS discovery. At that point, the procedures for seeking discovery from other parties pursuant to the

Federal Rules of Evidence as well as the letter of request procedure pursuant the Hague Evidence Convention were potentially available for Plaintiff to take discovery. See Multimedia Patent Tr. v. Apple Inc., Case No. 10-CV-2618-H, 2012 WL 12868304, at *2 (S.D. Cal. July 30, 2012) (citing Societe Nationale, 482 U.S. at 529) ("The Hague Convention procedures are not exclusive or mandatory, but rather is an optional supplement to the Federal Rules to facilitate the taking of evidence abroad."). In fact, Defendants had offered to make certain witnesses available for voluntary depositions. (ECF No. 172 at 14.) The Second Amended Scheduling Order did not endorse the Hague Evidence Convention procedures, and stressed it was "incumbent on Plaintiff to diligently pursue discovery within the time provided." (ECF No 179 at 5 (emphasis added).) Nevertheless, knowing that she likely did not have enough time to obtain discovery via a letter of request, Plaintiff still chose to pursue that route.

Plaintiff suggests that since this Court issued the letter of request, it has endorsed her strategy and implied that she will be given additional time to pursue it. (See ECF No. 209-1 at 1-2 (requesting to extend deadlines to "allow Plaintiff to complete Court-authorized discovery in Mexico") (emphasis added), 2-3 (stating "[b]ecause Plaintiff diligently complied with the complex procedure to secure the Letter of Request from the Court and duly transmitted it to Mexico, where it now awaits action by the Mexican authorities over whom Plaintiff has no control, Plaintiff respectfully requests that the Court amend the scheduling order").) However, because Defendants did not oppose the use of the letter of request procedure, (ECF No. 198 at 4), the Court did not address whether the Hague Evidence Convention was the correct procedure to follow, only which evidence sought by Plaintiff was discoverable. (See ECF No 201 at 1-2, 4.)

Further, while Plaintiff's counsel appears to have spent a lot of time working on this case, (see, e.g., ECF No. 209-1 at 6-10, ECF Nos. 180, 185, 189, 192, 196, 197, 198, 200, 204, 207), the Court is not persuaded that Plaintiff exercised the diligence required by the circumstances. Specifically, Plaintiff understands parties are required to meet and confer in a genuine attempt to narrow discovery disputes prior to filing motions.

(See, e.g, ECF No. 80 at 5, 8, 34 (the Court stating "I don't think the two of you have in good faith . . . got together and tried to resolve this on your own without the Court's assistance" and breaking for counsel to further meet and confer), Judge Berg's Civil Chambers Rules IV. A., Civ. LR 26.1(a), ECF No. 179 at 5.) Nevertheless, Plaintiff elected to file her "Ex Parte Motion for Issuance of Letter of Request" [ECF No. 189] over three weeks after the Case Management Conference where the parties were first informed that there would be an additional OGS discovery period, without meeting and conferring at all with Defendants regarding the content of the request. (See ECF No. 191 at 4-5.) Notably, when the parties did finally engage in some meet and confer conversations, the issues in the motion were narrowed. (Compare ECF No. 190 with ECF No. 198-1.) Plaintiff's counsel's attempt to ignore his responsibilities and the Court's strong indication that the parties needed to narrow their disputes as much as possible unnecessarily delayed the Court's issuance of a letter of request.

For these reasons, the Court finds that Plaintiff's lack of diligence, and the other facts, weigh against a modification of the scheduling order to accommodate the completion of OGS discovery pursuant to the Letter of Request.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's request to modify the scheduling order or vacate the remaining dates.

**IT IS SO ORDERED.**

Dated: January 23, 2020

Honorable Michael S. Berg
United States Magistrate Judge