UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OLD GRINGO, INC., et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 17cv1996-BAS (MSB)<br><br>**ORDER DENYING EX PARTE MOTION RE: DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SUBPOENAS FOR DOCUMENTS TO THIRD PARTIES CAVENDER, LTD. AND BOOT BARN, INC.**<br>**[ECF NO. 211]** |

On January 10, 2020, Defendants Old Gringo, Inc. ("OGI"), Old Gringo, S.A. de C.V. ("OGS"), Yan Ferry, and Ernest Tarut filed an "Ex Parte Motion Re: Defendants' Objections to Plaintiff's Subpoenas for Documents to Third Parties Cavender, Ltd. and Boot Barn, Inc." ("Objection Motion"). (ECF No. 211.) Plaintiff filed her Opposition on January 14, 2020. (ECF NO. 217.) For the reasons discussed below, the Court **DENIES** Defendants' Objection Motion **without prejudice**.

**I.　　RELEVANT PROCEDURAL HISTORY**

Defendants assert, without providing evidence, that Plaintiff served Rule 45 subpoenas for documents on third parties, Cavender, Ltd. and Boot Barn, Inc., on either January 2, 2020 or January 3, 2020, with production due on January 13, 2020, the cut-off date for OGS-related discovery. (ECF No. 211 at 2, ECF No. 211-1 at 2; see also ECF No.

179 at 4-5.) Defendants also state in their pleading that Plaintiff served Defendants on January 3, 2020. (ECF No. 211 at 2, ECF No. 211-1 at 2.) After attempting to meet and confer with Plaintiff's counsel to file a joint motion for determination of discovery dispute, Defendants filed the instant Objection Motion on January 10, 2020. (ECF No. 211.)

## II. DISCUSSION

In their Objection Motion, Defendants raise both procedural and substantive objections, and ask this Court to "take action" on said objections, without explaining what action Defendants seeks from the Court. (ECF No. 211.) Specifically, Defendants object that (1) the subpoenas were untimely because Plaintiff did not permit the subpoenaed parties a reasonable time to respond; (2) Plaintiff failed to provide Defendants with advance notice of the third-party subpoenas, and (3) the subpoenas seek specific sales figures of OGS customers, to which this Court has previously denied discovery to Plaintiff. (Id. at 5-6.) Plaintiff opposes Defendants' Objection Motion, noting that (1) the Federal Rules of Civil Procedure do not permit a party to file objections to a Rule 45 subpoena to a third party, and (2) any motion to quash must be filed in the district where compliance was demanded. (ECF No. 217 at 2-3.)

**A. Legal Standard**

Federal Rule of Civil Procedure 45 governs the procedure by which a party can compel a non-party to produce documents and tangible things. Fed. R. Civ. P. 34(c). A Rule 45 subpoena may issue from the court where the action is pending and compel a non-party to produce documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(a)(2), 45(c)(2)(A).

The procedures for protecting a third-party subject to enforcement or challenging a subpoena are set forth in Rule 45, subsection (d), which permits the <u>subpoenaed party</u> to serve objections on the subpoenaing party the earlier of the date of production, or 14 days after service of the subpoena. Fed. R. Civ. P. 45(d)(2)(B). The demanding party may then bring a motion to compel in the district where compliance is required. Fed. R. Civ.

P. 45(d)(2)(B)(i). Rule 45 also provides for various circumstances when the "court for the district where compliance is required" is required or permitted to grant a motion to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3). Finally, the rule specifies the circumstances under which a motion brought under this section may be transferred from "the court where compliance is required" to the "issuing court." Fed. R. Civ. P. 45(f). Such transfer is permitted when "the person subject to the subpoena consents or [] the court finds exceptional circumstances." Id. "The issuing court does not have authority to quash a subpoena unless, of course, compliance is also required in that the same district where that court sits." H.I.S.C, Inc. v. Franmar Int'l Importers, Ltd., Case No. 16-CV-480-BEN(WVG), 2018 WL 2095738, at *2 (S.D. Cal. May 7, 2018).

**B. Defendants' Objections are Procedurally Improper.**

In the first instance, Rule 45 does not permit a party to interfere with a subpoena by serving or filing objections. Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A party cannot object to a subpoena duces tecum served on a non-party, but rather, must seek a protective order or make a motion to quash.") (citing Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:2291 (2005 rev.)). However, even if this Court were to construe Defendants' motion as a Motion to Quash, see Odyssey Reinsurance Co. v. Nagby, Case No. 16-CV-3038-BTM(WVG), 2018 WL 1963665, at *2 (S.D. Cal. Apr. 26, 2018) (considering possibility of construing defendant's objections as motion to quash), Defendants have not submitted any evidence that this Court has jurisdiction to rule on such a motion. Defendants did not submit the subpoenas or anything else to indicate in which district compliance was required.

///
///
///
///
///

### III. **CONCLUSION**

For the foregoing reasons, Defendants' Objection Motion is **DENIED** without prejudice.

**IT IS SO ORDERED**.

Dated: January 28, 2020

Honorable Michael S. Berg
United States Magistrate Judge