UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>         Plaintiff,<br><br>v.<br><br>OLD GRINGO, INC., et al.,<br><br>         Defendants. | Case No.: 17cv1996-BAS(MSB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO SEAL RE: EXHIBITS B, C, AND D, ATTACHED TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT TESTIMONY AND REPORT [ECF NO. 222]** |

  Defendants filed a "Motion to Seal Re: Exhibits B, C, and D, Attached to Memorandum of Points and Authorities in Support of Motion to Exclude Plaintiff's Expert Testimony and Report" on January 9, 2020. (See ECF No. 222.) In their motion, Defendants asks the Court to seal three expert reports of Plaintiff's expert, Joshua Vanetti, because they "contain materials designated 'confidential' pursuant to the protective order (ECF 87) in place in this case." (Id. at 2.)

  Materials obtained through discovery can be included under seal with non-dispositive motions if the requesting party demonstrates "good cause." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). "When a court grants a protective order for information produced during discovery, it already has determined

1

that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1213 (9th Cir. 2002). However, the protective order and makes clear that a motion to file under seal "**<u>must be narrowly tailored to seek sealing only of the confidential or privileged material</u>**." (ECF No. 87 at ¶13 (emphasis in original).)

After reviewing Defendants' motion and the expert reports they ask to file under seal, it appears to the Court that Defendants have not demonstrated there is good cause to seal Plaintiff's expert reports in their entirety. Defendants have not demonstrated that the expert reports themselves are confidential under the terms of the protective order, and it appears that a substantial part of Plaintiff's expert reports are not confidential, such as Mr. Vanetti's background and qualifications, the procedures he used in formulating his opinion, data points from other companies he used, and his opinion itself. The Court, therefore, **DENIES** Plaintiff's motion because it finds that sealing the expert reports entirely is not justified or narrowly tailored to protect the sensitive data therein.

Accordingly, Defendants should resubmit their motion to file under seal no later than **<u>January 31, 2020</u>**, redacting only the portions of the document for which there exists good cause for sealing.[1]

**IT IS SO ORDERED.**

Dated: January 28, 2020

Honorable Michael S. Berg
United States Magistrate Judge

---

[1] Since the sealed lodged document is already on the docket at ECF No. 223, Defendants are asked to file two separate documents on CM/ECF: (1) their motion to file under seal, and (2) their redacted copy of Defendants' Motion to Exclude Plaintiff's Expert Testimony and Report, Accompanying MPA, and Attached Exhibits.