**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARSHA WRIGHT, an individual,<br><br>                        Plaintiff,<br><br>v.<br><br>OLD GRINGO, INC., *et al.*,<br><br>                        Defendants. | Case No.: 17-cv-1996-BAS-MSB<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF FOREIGN DISCOVERY**<br><br>**[ECF No. 213]** |

On January 10, 2020, Plaintiff filed an *ex parte* motion to stay proceedings in this action pending the completion of discovery in Mexico ("Motion" or "Mot."). (ECF No. 213.) Defendants oppose the Motion. (ECF No. 214.) For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

**I.    BACKGROUND**

In September 2019, upon Plaintiff's request, Magistrate Judge Michael S. Berg allowed Plaintiff to conduct foreign discovery in Mexico, including taking four depositions of OGS officials and others regarding the company's finances and value and four sets of requests for production. (*See* Joint Discovery Plan at 10–11, ECF No. 172; Second Am. Scheduling Order at 5, ECF No. 179; Mot. at 3.) On November 19, 2019, the parties filed a joint motion requesting that the court issue a letter of request to compel discovery regarding OGS from the judicial authorities in Mexico. (Joint Mot., ECF No. 200.) Judge

Berg thereafter issued a letter of request to the judicial authorities in Mexico on December 2, 2019, pursuant to the Hague Convention, requesting assistance in obtaining this evidence. (Letter of Req., ECF No. 202.) Plaintiff alleges that although the letter of request was delivered to the appropriate authorities on December 19, 2019, she has yet to hear from the Mexican authorities regarding the requested depositions or document productions. (Mot. at 2.)

The deadline to complete OGS discovery and to submit pretrial disclosures was January 13, 2020. (Second Am. Scheduling Order at 7.) In light of these deadlines and the nonresponsiveness of the Mexican authorities, Plaintiff made two simultaneous requests: First, Plaintiff moved for an extension of the remaining pretrial and trial-related deadlines to allow her to complete the foreign discovery before Judge Berg. (ECF No. 209.) Second, Plaintiff filed before this Court the instant *ex parte* motion to stay proceedings in this action pending the completion of discovery in Mexico ("Motion" or "Mot."). (ECF No. 213.)

On January 24, 2020, Judge Berg denied Plaintiff's request to modify the schedule order to allow her to obtain the foreign discovery, citing to Plaintiff's lack of diligence. (Order, ECF No. 224.)

## II. ANALYSIS

*Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995); *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) ("The 'opportunities for legitimate ex parte applications are extremely limited.'") (quoting *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). Thus, to warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Mission Power*, 883 F. Supp. at 492.

The Court finds that Plaintiff has not met her burden for *ex parte* relief because Plaintiff has failed to show that the circumstances underlying her Motion were not of her own making or are the result of excusable neglect. First, despite stating her intention to seek

a letter of request to the judicial authorities in Mexico in May 2019, Plaintiff waited until September 19, 2019 to initiate this lengthy process, and further chose not to pursue additional avenues of discovery concurrent with the letter of request. (Order at 9–10.) Second, although Magistrate Judge Berg issued an order in September 2019 setting the January 13, 2020 deadline for foreign discovery and emphasizing that such discovery must be completed by that date, Plaintiff nonetheless waited two months before filing the Joint Motion to request discovery from Mexican authorities. (Second Am. Scheduling Order at 4–5; Joint Mot.; Order at 10.) Lastly, as Judge Berg indicated in his Order, Plaintiff failed to properly meet and confer with Defendants to facilitate a more efficient discovery process. (Order at 10–11.)

Plaintiff has not sufficiently shown that the circumstances giving rise to her *ex parte* request to stay proceedings were not of her own making or the result of excusable neglect. Accordingly, Plaintiff's *ex parte* motion to stay proceedings is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 18, 2020**

Hon. Cynthia Bashant
United States District Judge