UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OLD GRINGO, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17cv1996-BAS (MSB)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT TESTIMONY AND REPORT [ECF NO. 231]; AND**<br><br>**(2) GRANTING THE PARTIES' MOTIONS TO FILE UNDER SEAL [ECF NOS. 230, 234]** |

Presently before the Court is Defendant's "Motion to Exclude Plaintiff's Expert Testimony and Report" ("Instant Motion"), filed by Defendant on January 24, 2020. (ECF No. 223[1] (sealed version), ECF No. 231 (redacted).) Plaintiff filed her opposition to the motion on January 31, 2020. (ECF No. 232.)

Defendants' Instant Motion asks the Court to exclude the December 20, 2019 supplemental report of Plaintiff's expert, Joshua Vanetti, pursuant to Federal Rule of

---

[1] References to the Instant Motion in this order will generally cite to the sealed, lodged version at ECF No. 223. The Court notes that pagination of this document varies from that of ECF No. 231.

1

Civil Procedure 37 as a sanction for Plaintiff serving it on Defendants well after the August 17, 2018 deadline. In opposition, Plaintiff argues that her expert reports were not untimely, and even if they were, any delay was justified and is harmless.

For the reasons explained below, the Court **DENIES** Defendants' Instant Motion.

Also pending before the Court are the parties' unopposed motions to file confidential portions of their respective expert reports submitted in support of their briefing on the Instant Motion under seal. (See ECF Nos. 230, 234.) For the reasons set forth below, the Court **GRANTS** the motions to file under seal.

## I. FACTUAL BACKGROUND

Plaintiff, a former designer for Defendants Old Gringo, Inc. ("OGI") and Old Gringo, S.A. de C.V. ("OGS") (a Western wear manufacturer and distributor and its Mexican sister company, together the "Old Gringo Companies") alleges that the principles and officers of the Old Gringo Companies, Defendants Ernest Tarut ("Tarut") and Yan Ferry ("Ferry"), told her in January 2013 that they were giving her a 5% ownership interest in the Old Gringo Companies. (See Compl. at 5, ECF No. 1.) The alleged promise was never reduced to writing, and the ownership interest was distinct from her salary and bonus compensation. (Id. at 6.) Plaintiff alleges that over the years, Tarut and Ferry made statements to Plaintiff that affirmed her part ownership and encouraged her to work hard on behalf of the Old Gringo Companies. (Id. at 7-8.) By October 2015, when Plaintiff stopped working with the Old Gringo Companies, Plaintiff had still not received the alleged ownership interest and concluded that contrary to her previous belief, it did not exist. (Id. at 13.)

Plaintiff maintains causes of action against OGI, OGS, Yan, and Ferry for (1) fraud and fraudulent misrepresentation, (2) specific performance (to the extent this claim is not based upon contract), (3) promissory fraud, (4) concealment, (5) negligent misrepresentation, (6) promissory estoppel, and (7) unjust enrichment. (Id.; see also ECF No. 62 at 32 (granting in part Defendants' motion for summary judgment and dismissing contract claim and specific performance claim solely to the extent it is

premised on breach of contract, and denying all other grounds for summary judgment); ECF No. 163 at 16 (denying Defendants' subsequent motion for summary judgment).)

## II. RELEVANT PROCEDURAL BACKGROUND

This dispute once again calls on the Court to address the significant procedural history in this case. The relevant portions are summarized according to topic below.

**A. Expert Disclosure Deadline**

This case was filed on September 28, 2017. (ECF No. 1.) Magistrate Judge Stormes, who was then the magistrate judge handling this case, issued a scheduling order on March 2, 2018. (ECF No. 18.) At that time only the two United States-based defendants, OGI and Tarut, had appeared in the case. (See ECF No. 3 (OGI and Tarut's Answer); ECF No. 8 (Ferry's Motion to Dismiss for Lack of Jurisdiction); ECF No. 19 (Order Denying Ferry's Motion to Dismiss).) Judge Stormes set simultaneous fact and expert discovery deadlines on October 15, 2018 and ordered the parties with the burden of proof on any claim to designate their experts by June 4, 2018, and to make expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) by August 17, 2018. (Id. at 1-2.) Judge Stormes denied two joint requests of the parties to continue expert disclosure dates, citing the parties' lack of diligence, (see ECF No. 22 at 2; ECF No. 28 at 2), though she continued the expert designation date to July 20, 2018, (ECF No. 22 at 2).

At Plaintiff's request and after consultation with the District Judge's chambers, Judge Berg vacated the pre-trial dates on April 30, 2019, to be reset after the District Judge ruled on Defendants' then-pending motions to quash service of summons [ECF No. 61] and for summary judgment [ECF No. 79]. (ECF No. 103.) Judge Berg considered the parties' "Joint Discovery Plan" addressing their positions on discovery needed due to the recent appearance of OGS, (ECF No. 172), and held telephonic Case Management Conferences after Judge Bashant's rulings in September of 2019, (ECF Nos. 174, 177), before issuing a Second Amended Scheduling Order, (see ECF No. 179). The Second Amended Scheduling Order permitted Plaintiff a limited period to take additional

3

17cv1996-BAS (MSB)

discovery from OGS, but did not move the expert disclosure deadline, noting Plaintiff's duty to supplement pursuant to Federal Rule of Civil Procedure 26(e). (Id. at 6.)

B. **Plaintiff's Discovery of Data for Valuation of the Old Gringo Companies**

Plaintiff first served OGI with written discovery directed to obtaining information for the valuation of the Old Gringo Companies on June 20, 2018. (ECF No. 232 at 11.) The parties filed a Joint Motion for Determination of Discovery Dispute regarding the sufficiency of OGI's responses thereto on October 2, 2018. (ECF No. 34.) Judge Stormes' ultimately denied the motion without prejudice on October 31, 2018, permitting the parties to refile after the District Judge's resolution of the pending Motion for Summary Judgment. (ECF No. 43 at 2-3.) This case was transferred to Judge Berg on November 6, 2018. (ECF No. 47.) Judge Berg addressed many discovery motions stemming from Plaintiff's efforts to obtain financial documents to value the Old Gringo Companies. (See ECF Nos. 58, 73, 77, 78, 83, 84, 85, 86, 87, 90, 92, 94, 100, 106, 107, 111, 112, 120, 121, 122, 127, 128, 129, 157, and 159.) After the District Judge denied OGS' motions to quash service of summons, (see ECF No. 115), and for summary judgment, (see ECF No. 163), the Court permitted Plaintiff a limited period of discovery into OGS. (ECF No. 179 at 4-5.)

C. **Expert Disclosures**

On August 2, 2018, counsel for Defendants asked Plaintiff's counsel for mutual extensions of discovery response deadlines to August 17, 2018. (ECF No. 232-5 at 2.) Plaintiff agreed, on the condition that the parties also move the expert disclosure deadline to September 14, 2018. (Id. at 1.) Defendants' counsel agreed with a corresponding extension of the expert rebuttal deadline, and later agreed to a further continuance until September 19, 2018. (Id. at 1, 4.)

Plaintiff served on Defendants the report of Joshua Vanetti, an expert she retained to value the Old Gringo Companies for her assertion of damages, on September 19, 2019. (ECF No. 223 at 8, see also id. at 31-54 (report).) In his "Federal Rule 26 Disclosure Report" ("September 2018 Report"), Mr. Vanetti explained that he had no

4

financial documents pertaining to OGS and insufficient documents about OGI, and therefore he could not render a complete and proper business valuation. (Id. at 35.) Having designated Robert Taylor as their rebuttal expert, then-appearing Defendants submitted a rebuttal report from Mr. Taylor on October 17, 2018, stating Mr. Taylor "had not yet received any report by the Plaintiff's expert[] quantifying the Plaintiff's alleged economic damages. If the Plaintiff's expert[ is] allowed to supplement [his] initial expert report[], I will prepare and issue my rebuttal report." (ECF No. 232-4 at 4.)

On April 24, 2019, Plaintiff served Defendants with a document titled "Supplemental and Corrected Expert Report of Joshua Vannetti, CPA, CVA" ("April 2019 Report"). (ECF No. 223 at 13, ECF No. 232 at 20, see also ECF No. 223 at 56-70 (April 2019 Report).) Mr. Vanetti again indicated that the information provided by Defendants in discovery was "incomplete and insufficient" to value the Old Gringo Companies. (Id. at 59, 63.)

On December 20, 2019, Plaintiff served Mr. Vanetti's "Supplemental Report in Accordance with FRCP 26(e) Fair Market Value Analysis As of November 29, 2019" ("December 2019 Report") on Defendants. (ECF No. 223 at 9; see also id. at 72-163 (December 2019 Report).) With this Court's permission, (ECF No. 219), Defendants served Plaintiff with Mr. Taylor's rebuttal report on January 21, 2020. (ECF No. 232 at 17; see also ECF No. 233 (report).)

### III. DISCUSSION

**A. Plaintiff's Delay Serving the December 2019 Report Was Substantially Justified**

**1. Legal Standard**

Federal Rule of Civil Procedure 26(a)(2) sets forth the required disclosures relating to expert testimony. Rule 26(a)(2)(B) specifically describes which witnesses must provide a written report and what that report must contain. If the witness is retained or specially employed to provide expert testimony, the report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

5

      (ii)     the facts or data considered by the witness in forming them;

      (iii)    any exhibits that will be used to summarize or support them;

      (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

      (v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

      (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Regarding supplemental disclosures and responses, FRCP 26(e)(2) indicates that for an expert whose report must be disclosed under FRCP 26(a)(2)(B), "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

Federal Rule of Civil Procedure 37(c)(1) provides the enforcement mechanism for violations of Rule 26's disclosure provisions, forbidding the "use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [Rule 26(a)'s requirements]."). Specifically, Rule 37 provides that where a party fails to make the required disclosure, it "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The district court has "particularly wide latitude" regarding whether to issue sanctions under Rule 37(c)(1). Yeti by Molly, Ltd, 259 F.3d at 1106 (citation omitted).

**2. Analysis**

In the Instant Motion, Defendants argue that Plaintiff's late disclosure of her valuation expert's opinion requires the Court exclude the expert opinion, because the

6

delay was unjustified and will harm Defendants. Plaintiff concedes very little in her opposition. She first argues that all of her expert report disclosures were timely. Alternatively, she claims that any late disclosure was substantially justified and harmless.

Despite current arguments to the contrary, Plaintiff has consistently raised to the Court and Defendants that her valuation expert was unable to render an opinion as would be required for a complete report because of Defendants' refusal to produce financial documents for the Old Gringo Companies. Under these circumstances, the December 2019 Report was untimely. Therefore, the critical question here is whether Plaintiff's delay in producing the complete report was substantially justified or harmless.

The Ninth Circuit has identified a non-exhaustive list of factors for district courts to consider when deciding whether an untimely disclosure was substantially justified or harmless: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, 673 F.3d at 1246 (citing Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir.2008)).

The procedural history of this case is particularly complicated. The existence of two international defendants in this case, Ferry and OGS, complicated service and increased litigation, as each of them brought jurisdictional motions to be dismissed from the case, (see ECF Nos. 8, 61). OGS' motion to quash service of summons on jurisdictional grounds postponed its general appearance from December 2018 to June 17, 2019. (See ECF Nos. 61, 116.) Discovery was further delayed by Defendants' successive motions for summary judgment and motion for reconsideration, (see ECF Nos. 38, 63, 79), as well as the Court's decisions (perhaps regrettable) postponing the

resolution of discovery disputes, (see ECF No. 43), and production of documents, (see ECF No. 85), until after the resolution of Defendants' dispositive motions.

Although late in the discovery period, Plaintiff served OGI with RFPs that would permit Mr. Vanetti to render an opinion of the Old Gringo Companies in June of 2018. (See ECF No. 232-1 at 9-12.) OGI responded with objections and a refusal to produce the requested documents. (See ECF Nos. 36, 73.) This was only the beginning of Defendants' efforts to prevent the discovery Plaintiff's expert required. For example, Defendants argued for the bifurcation of damages discovery and asserted bare claims of trade secret privilege over much of its financial information. (See ECF Nos. 58, 85.) After the Court ordered production of portions of OGI's financial documents, OGI's counsel engaged in semantic acrobatics to avoid producing its balance sheets. (See ECF No. 161 at 49-51, 79-80.)

Since the first joint motion addressing OGI's refusal to provide discovery of financial documents, Plaintiff has been transparent about her need for these documents to inform her expert's valuation of the Old Gringo Companies for her claim of damages. (See, e.g., ECF Nos. 36, 58, 73.) Mr. Vanetti's September 2018 and April 2019 Reports were as thorough as possible under the circumstances and delivered a consistent message. Mr. Vanetti indicated the nature of the opinion Plaintiff had retained him to render, his qualifications, his other testimony during the required period, the documents he had reviewed and what information he would need to render an opinion on the value of the Old Gringo Companies to calculate Plaintiff's damages. Plaintiff's counsel's open communication about her intention regarding Mr. Vanetti belies any claim of bad faith or willfulness for the delay.

Because of Plaintiff's persistent discovery message, Defendants were aware of Plaintiff's intent to supplement Mr. Vanetti's report, and what discovery Plaintiff believed was necessary for her to do so. In fact, Defendants designated a rebuttal expert, (see ECF No. 232-3), who submitted an initial and a supplemental report of his own, (see ECF Nos. 232-4, 233), the latter addressing Mr. Vanetti's opinion in detail.

Defendants' rebuttal report goes far to cure any prejudice and minimizes disruption of trial.

The Court's conduct also indicated to the parties that Mr. Vanetti would be permitted to supplement his report, such that Defendants cannot now claim surprise. Despite knowing the fact that the expert disclosure deadline had passed and that the purposes of the contested discovery into the Old Gringo Companies' financial information was for Mr. Vanetti to render an opinion regarding the value of Plaintiff's damages, the Court addressed the discovery disputes on their merits and proceeded to order the financial discovery it believed was proportional to the task. In so doing, the Court signaled that Mr. Vanetti would be permitted to supplement his report with his opinion once Defendants produced the relevant discovery. If there was any question about the matter, it ought to have been resolved by the Second Amended Scheduling Order, where the Court granted Plaintiff's request to take discovery into the finances of then newly appearing OGS, but did not find good cause to continue the expert disclosure deadlines and noted the parties' duty to supplement under Rule 26. Since Plaintiff did not receive any financial documents related to OGS until well after August 17, 2018, it would be odd to expect that Plaintiff would not be permitted to supplement Mr. Vanetti's expert report under the circumstances.

Defendants argue that Plaintiff ought to have initially served earlier written discovery and moved the Court to modify the expert disclosure deadline. While these may have been more prudent actions, the Court also considers what Defendants might have done to ameliorate any disadvantage to themselves. Aside from the obvious choice—producing relevant documents—Defendants could have other things as well. For instance, at the September 2019 case management conferences, Defendants could have introduced the issue that they might need time for additional discovery or rebuttal once Plaintiff served her Mr. Vanetti's anticipated supplemental report.

///
///

For the foregoing reasons, the Court finds Plaintiff's untimely disclosure of Mr. Vanetti's complete expert report substantially justified. In light of this determination, it is unnecessary to consider whether the delay was harmless.

**B.     The Parties May File their Expert Reports, Redacting Confidential Portions and Filing an Unredacted Version Under Seal.**

After the Court denied Defendants' initial motion to file the entirety of Plaintiff's expert reports under seal as overbroad, (see ECF No. 229), Defendants filed a subsequent Motion to File Under Seal, which seeks to publicly file ECF No. 231, which redacts information that has been designated confidential pursuant to the protective order in this case. (See ECF No. 230 at 2.) Defendants have also filed a sealed, lodged version of their motion and attachments without redactions. (See ECF No. 223.) Plaintiff filed a similar "Motion to Seal re: Exhibit E in Support of Plaintiff's Opposition and Memorandum of Points and Authorities in Opposition to Defendants' Motion to Exclude Expert Testimony." (ECF No. 234.) Plaintiff seeks to file an unredacted version of Exhibit E to her Opposition, (see ECF No. 235), while publicly filing a version that redacts information deemed confidential under the protective order. (See ECF No. 234 (motion), 233 (redacted version).

Materials obtained through discovery can be included under seal with non-dispositive motions if the requesting party demonstrates "good cause." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002). However, the protective order makes clear that a motion to file under seal "**must be narrowly tailored to seek sealing only of the confidential or privileged material**." (ECF No. 87 at ¶13 (emphasis in original).)

Having reviewed the parties' motions to seal [ECF Nos. 230, 234] and the sealed lodged proposed documents [ECF Nos. 223, 235], the Court finds that the redactions in the parties' requests are narrowly tailored such that there is good cause to **GRANT** the motions to seal made per the Court's protective order [ECF No. 87].

### IV. CONCLUSION

For the foregoing reasons the Court ORDERS as follows:

1. Defendants' Instant Motion [ECF Nos. 223, 231] is **DENIED**. The Court will not exclude Mr. Vanetti's December 2019 Report or testimony related thereto on the basis of timeliness.

2. Defendants' Motion to File Under Seal [ECF No. 230] is **GRANTED**. The clerk is directed to file ECF No. 223 under seal.

3. Plaintiff's Motion to Seal [ECF No. 234] is **GRANTED**. The clerk is directed to file ECF No. 235 under seal.

**IT IS SO ORDERED.**

Dated: February 21, 2020

Honorable Michael S. Berg
United States Magistrate Judge