UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARSHA WRIGHT,

Plaintiff,

v.

OLD GRINGO, INC., et al.,

Defendants.

Case No.: 17cv1996-BAS (MSB)

**ORDER:**
**(1) DENYING MOTION TO QUASH OR FOR PROTECTIVE ORDER AS MOOT [ECF NO. 271];**
**(2) DENYING PLAINTIFF'S MOTION TO STRIKE THE MOTION TO QUASH FROM THE DOCKET, DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AS MOOT, AND SETTING A DEADLINE FOR DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES [ECF NO. 273]**

Defendants filed a "Motion to Quash Plaintiff's Rule 45 Subpoenas to Leaf & Cole, LLP, and Nicholas Gines, Solely as to Document Requests, or Alternatively, Seeking a Protective Order with Regard to the Subpoenaed Documents" ("Motion to Quash") on March 25, 2020. (See ECF No. 271.) On March 26, 2020, this Court ordered Plaintiff to file any opposition to the Motion to Quash no later than March 31, 2020. (See ECF No. 272.) The same day Plaintiff filed a motion for reconsideration of the Court's order setting briefing schedule and a motion to strike Defendants' Motion to Quash, etc.

("Reconsideration Motion"). (See ECF No. 273.) For the reasons set forth below, the Court **DENIES** Defendants' Motion to Quash as moot and improperly filed, **DENIES** Plaintiff's request to strike the Motion to Quash from the docket, **DENIES** as moot Plaintiff's request to modify the scheduling order, and **ORDERS** Defendants to file any opposition to Plaintiff's request for attorney's fees for Plaintiff's opposition to their Motion to Quash by **April 15, 2020**.

## RELEVANT BACKGROUND

On March 11, 2020, Plaintiff served trial subpoenas to Defendants' outside accountants, Nicholas Gines and Leaf & Cole, LLP, to appear at the April 7, 2020 trial and to produce documents, and served copies of the same to Defendants' counsel. (ECF No. 273-1 at 2-3, 13-16; see also id. at 11.) On March 16, 2020, the Court vacated the April 7, 2020 trial date and set a status conference for May 12, 2020. (ECF No. 259.)

On March 23, 2020, counsel for Defendants twice called and left voicemails for Plaintiff's counsel, at 1:58 p.m. and 4:56 p.m, regarding Defendants' objection to Plaintiff's document requests in connection with the trial subpoenas. (ECF No. 271-1 at 2.) Plaintiff's counsel responded via email the following morning (March 24, 2020), at 8:07 a.m., stating he may not be available for a call and asking Defendants' counsel to send an email detailing Defendants' objection to the subpoenas. (Id. at 2.) Defendants' counsel sent an email with a copy of Defendants' draft motion to quash at 11:47 a.m. (Id. at 5-6.) Defendants' counsel informed Plaintiff's counsel that if Plaintiff did not withdraw the subpoenas by 4:00 p.m., Defendants would file their Motion to Quash. (Id. at 6.) At 12:02 a.m. on March 25, 2020, Plaintiff's counsel responded explaining that while he disagreed with Defendants' counsel's analysis (for unspecified reasons), "the trial subpoenas this firm issued to Mr. Gines, Leaf & Cole, LLP and Ms. Simental requesting compliance on or after April 8, 2020 are hereby withdrawn in all respects, because they are trial subpoenas and dependent upon a trial date (April 8), which trial date has now been vacated. Please inform Mr. Gines, Leaf & Cole, LLP, and Ms. Simental that the subpoenas and all aspects thereof and exhibits and schedules thereto

have been withdrawn. This action is voluntary and without prejudice to future subpoenas that may be issued." (Id. at 7 (emphasis in original).)

Defendants' counsel replied to Plaintiff's counsel via email at 8:41 a.m. on March 25, 2020. (Id.) She stated "[y]our statement is insufficient, given the work that we have done due to your earlier non-responses. You knew that your request for documents was not allowed, but yet you proceeded to the last minute (and beyond, by your response at 12:03 a.m.), until you gave us a response to all the work that we had to unnecessarily due to your non-response." (Id.) She further added that unless Plaintiff agreed to withdraw "all future subpoenas as to the documents you have requested in these subpoenas" by 11:00 a.m., Defendants would file their Motion to Quash. (Id.) Evidently, Plaintiff did not provide the requested concession within the time provided, and as promised, Defendants filed their Motion to Quash on March 25, 2020. (See ECF No. 271.) This motion recites the chain of events summarized here, and asks this Court to either quash the subpoenas as discovery improperly conducted in violation of the scheduling orders in this case, or alternatively, to issue a protective order denying the compelled production of the requested documents on the same basis. (Id. at 2.) While Defendants' motion provides authority in support of their request to quash the subpoenas, had they not been withdrawn, they provide no authority for their requested protective order from potential future subpoenas, and no evidence of exigency to support the filing of an ex parte motion, particularly considering the Court has vacated the trial date. (See id.)

On March 26, 2020, the Court issued a scheduling order requiring Plaintiff to respond to Defendants' Motion to Quash no later than March 31, 2020. (See ECF No. 272.)

On March 26, 2020, Plaintiff filed a motion based on the mootness and procedural incorrectness of Defendants' Motion to Quash, requesting that the Court strike Defendants' Motion to Quash from the docket or deny it without further opposition from Plaintiff, issue an extended scheduling order if the Court wished to

reach the merits, and impose sanctions against Defendants and/or their counsel for bringing the motion. (ECF No. 273 at 6.) Despite its title and because Plaintiff's Reconsideration Motion challenges the procedural correctness of the Motion to Quash, the Court construes Plaintiff's motion as an opposition thereto.

## DISCUSSION

In the first place, the Court find that Defendants' motion must be **DENIED as moot**. The subpoenas that Defendants seek to quash have been withdrawn. Therefore, this Court cannot quash them. Furthermore, there is no guaranty that they will be served a second time. If Plaintiff does reissue the trial subpoenas, she may very well elect not to request documents. Although Rule 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," (Fed. R. Civ. P. 26), it does not permit a party to seek protective order from discovery that may be sought in the future. Yet that is what Defendants seek by filing their motion after Plaintiff withdrew the subpoenas at-issue, but refused to waive the right to re-issue similar subpoenas seeking documents in the future. The Court is not prepared to begin resolving potential discovery disputes. As this Court has done previously in this case, it now refuses Defendants' request to render an advisory opinion on an issue that is not ripe for review. (See ECF No. 194 at 10); see also, e.g., Slagowski v. Cent. Washington Asphalt, No. 2:11-CV-00142-APG, 2014 WL 3001951, at *6 (D. Nev. July 1, 2014) ("First, the relief Zemke seeks is an advisory opinion concerning a dispute that is not ripe for review. He argues that a protective order should be entered because Central Washington defendants 'will attempt improper supplementation.' This is an improper request for relief.") (citing U.S. CONST. art. III, § 2). The time for Defendants to act is when Plaintiff refiles the objectionable subpoenas, if she does at all.

The Court also agrees that Defendants failed to follow necessary procedure in bringing their Motion to Quash, however it **DENIES** Plaintiff's motion to strike the Motion to Quash from the docket. While the Honorable District Judge's Standing Order

for Civil Cases provides that the Court will strike motions not filed in accordance with Section 4.B. of the order, Section 3 of the Standing Order also refers the parties to the assigned magistrate judge for discovery matters. The Court interprets this as rendering discovery motions subject to the magistrate judge's procedures, and therefore **DENIES** Plaintiff's request to strike the Motion to Quash.

Motions to quash subpoenas and motions for protective orders, pursuant to Rules 26 and 45 are typically treated as discovery motions. See, e.g., Integra Life Sciences I, Ltd. v. Merck KGaA, 190 F.R.D. 563 (S.D. Cal. Dec. 21, 1999). Defendants' Motion to Quash is premised on the position that "Plaintiff's Rule 45 subpoenas to Leaf & Cole LLP and Nicholas Gines are clearly discovery requests, improperly made long after the close of discovery in this case. (See ECF No. 271 at 5.) Yet, Defendants failed to follow Judge Berg's Civil Chambers Rules and Civil Local Rules. They did not make adequate efforts to meet and confer over the telephone as required by Civil Local Rule 26.1(a) and Judge Berg's Civil Chambers Rule IV.A. Further, Defendants have not demonstrated why this motion should not have been filed using the joint motion procedure required by Judge Berg's Civil Chambers Rule IV.E. (See, e.g., ECF No. 191 (denying Plaintiff's motion for letters of request based on inadequate meet and confer and explaining Plaintiff had failed to demonstrate why motion should not be filed as a joint motion).)

Considering the preceding rulings, Plaintiff's motion to vacate or modify the briefing schedule for the Motion to Quash is **DENIED as moot**.

Finally, Plaintiff argues that Defendants have acted in bad faith by bringing the Motion to Quash after Plaintiff withdrew the subpoenas, and "because Defendants and their counsel filed Defendants' Motion to Quash unreasonably and vexatiously and in bad faith, knowing that no issue was ripe for the Court's determination," the Court should impose sanctions of $1,376 pursuant to 28 U.S.C. § 1927 and the Court's inherent power to sanction abusive litigation conduct. Defendants are ordered to file any opposition to the Plaintiff's request for sanctions no later than **April 15, 2020**.

/ / /

**CONCLUSION**

After interpreting Plaintiff's Reconsideration Motion as an opposition to Defendants' Motion to Quash, the Court orders as follows:

(1) Defendants' Motion to Quash is **DENIED** as moot and improperly filed;

(2) Plaintiff's motion to strike the Motion to Quash from the docket is **DENIED**;

(3) Plaintiff's request to modify or vacating the scheduling order on the Motion to Quash is **DENIED** as moot; and

(4) Defendants must file any opposition to Plaintiff's request for attorney's fees for Plaintiff's opposition to Defendants' Motion to Quash by **April 15, 2020**.

**IT IS SO ORDERED**.

Dated: March 30, 2020

Honorable Michael S. Berg
United States Magistrate Judge