UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>OLD GRINGO, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  17cv1996-BAS (MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT OLD GRINGO, S.A. DE C.V.'S EX PARTE MOTIONS FOR ORDERS DIRECTING PLAINTIFF TO WITHDRAWAL DISCOVERY IN MEXICO AND CANCELING THE LETTER OF REQUEST TO MEXICAN AUTHORITIES; AND**<br><br>**(2) DENYING OGS'S REQUEST FOR SANCTIONS**<br><br>**[ECF NO. 287]** |

　　　Presently before the Court is Defendant Old Gringo, S.A. de C.V.'s ("OGS's") "Ex Parte Motion for Order Directing Plaintiff to Withdraw Discovery in Mexico, to Issue Sanctions, and to Cancel/Withdraw the Order and Letter of Request to the Mexican Authorities."  (ECF No. 287.)  Plaintiff filed her opposition to the motion on October 26, 2020.  (ECF No. 288.)

1

According to OGS and its Mexican counsel, the Mexican Court in Guanajuato, Mexico served papers on OGS and three of its employees on or about October 20, 2020. (ECF No. 287-2 at 2-3.) Acting pursuant to this Court's Letter of Request dated December 2, 2019 [ECF No. 202], the documents require OGS's employees to produce documents by November 3, 2020 and to appear in court to give witness declarations on November 18, 2020, or OGS and its employees are subject to sanctions of approximately one million pesos. (ECF No. 287-2 at 2-3.) OGS notes that discovery in this case closed on January 13, 2020, and therefore asks this Court to (1) withdraw its Order and Letter of Request issued December 2, 2019; (2) order Plaintiff to "cancel and desist from all discovery efforts in Mexico regarding this matter"; and (3) order Plaintiff to pay monetary sanctions for violating the Court's scheduling order. (ECF No. 287 at 4, 7; see also ECF Nos. 179, 202 and 224 (all stating that all discovery into OGS, including Mexican discovery, was to be completed by January 13, 2020).)

In her Opposition, Plaintiff asserts that the document production and depositions ordered by the Mexican Court pursuant to the Letter of Request should proceed, and thus asks the Court to deny OGS's motions to cancel the Letter of Request and order Plaintiff to stop Mexican discovery.[1] (ECF No. 288 at 10-20.) She specifically argues that Defendants have no standing to challenge the Mexican discovery subpoenas, there is no trial date to be delayed by the Mexican discovery, the Letter of Request was timely issued, and therefore production should be allowed. (Id. at 14-20.) Plaintiff further

---

[1] Though entirely circular and unclear, Plaintiff suggests if the Court construes the argument in Plaintiff's Opposition as a motion, then Plaintiff makes that motion or asks the Court for leave to make such a motion. (ECF No. 288 at 18 ("To the extent that the Court may construe this discussion as a renewed motion by Plaintiff to amend the scheduling order to permit the Mexico-based discovery in November, a motion for reconsideration of the Court's denial of Plaintiff's request to amend the scheduling order based on changed circumstances, or (perhaps more fittingly) a motion to reopen discovery for the limited purpose of allowing the discovery scheduled by the Mexican court to proceed, Plaintiff hereby so moves, or seeks the Court's leave to do so.") (emphasis in original).) The Court does not construe Plaintiff's filing as a motion, as it does not comply with the rules therefore and has been captioned as an opposition to OGS's motion, and therefore disregards Plaintiff's conditional request. See CivLR 7.1(f); Judge Berg's Civil Chambers Rule V.

posits that sanctions against Plaintiff and her counsel are inappropriate and should be denied. (Id. at 20-22.)

For the reasons explained below, the Court **GRANTS** OGS's motions for the Court to withdraw its Letter of Request and order Plaintiff to cease and desist Mexican discovery. The Court **DENIES** OGS's motion for sanctions against Plaintiff.

## I. FACTUAL BACKGROUND

Plaintiff, a former designer for Defendants Old Gringo, Inc. ("OGI") and Old Gringo, S.A. de C.V. ("OGS") (a Western wear manufacturer and distributor and its Mexican sister company, together the "Old Gringo Companies") allege that the principles and officers of the Old Gringo Companies, Defendants Ernest Tarut ("Tarut") and Yan Ferry ("Ferry"), told her in January 2013 that they were giving her a 5% ownership interest in the Old Gringo Companies, but in fact, no such interest was conveyed. (See ECF No. 1.) This basic allegation underlies the remaining causes of action in this case.

## II. RELEVANT PROCEDURAL BACKGROUND

The procedural history of this case is extensive and has been discussed at length in the earlier orders of this Court. In consideration of both this history and the time constraints presented by the pending Mexican orders, with production deadlines of November 3 and 13, 2020, and a court appearance date of November 18, 2020, (see ECF No. 287-2 at 2, ECF No. 288-1 at 3), the Court will recount only the most pertinent parts thereof.

This case was filed on September 28, 2017. (ECF No. 1.) Magistrate Judge Stormes, who was then the magistrate judge handling this case, issued a scheduling order on March 2, 2018, setting simultaneous fact and expert discovery deadlines on October 15, 2018. (ECF No. 18 at 1-2.) Judge Stormes denied two joint requests of the parties to continue dates in the scheduling order, including the discovery cutoff, citing the parties' lack of diligence. (ECF No. 22 at 2; ECF No. 28 at 2.)

OGS entered its first general appearance in this case when it filed its Answer on June 17, 2019. (ECF No. 116.) Judge Bashant denied Defendants' Second Motion for Summary Judgment on August 13, 2019. (ECF No. 163.) Judge Berg proceeded to hold Case Management Conferences with counsel for the parties on September 11 and September 17, 2019. (ECF Nos. 174, 177.) As detailed in their Joint Discovery Plan, Plaintiff requested approximately a year to conduct discovery into OGS's valuation, while Defendants argued that Plaintiff had already obtained sufficient discovery regarding OGS from the other defendants, and that Defendants had been ready to proceed to trial since the close of discovery on October 15, 2018. (ECF No. 172.) On September 19, 2019, after consideration of the parties' requests, the Court issued a Second Amended Scheduling Order, which permitted Plaintiff a limited discovery period, until January 13, 2020, to conduct discovery into OGS only. (ECF No. 179 at 4-5 & n.1.)

With input from the parties, the Court issued a "Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters" ("Letter of Request") on December 2, 2019. (ECF No. 202.) The Letter of Request specified that the discovery deadline was January 13, 2020, and that the depositions be set "as soon as possible before January 13, 2020." (Id. at 7.) Despite Plaintiff's requests to amend the scheduling order or stay the case to permit Mexican discovery, the Court did not change the January 13, 2020 deadline. (See ECF Nos. 224, 238.)

The parties supplemented their expert disclosures, conducted a late expert deposition, (see ECF No. 239), and proceeded with their pretrial dates and deadlines throughout February and March of 2020, including filing objections to one another's Pretrial Disclosures, (see ECF Nos. 221, 226), filing Proposed Jury Instructions, (see ECF Nos. 236, 237, 265, 266), and briefing motions in limine, (see, e.g., ECF Nos. 248-50, 252-56, 260-64, 267-269, 275-78). The District Court held the Final Pretrial Conference and issued a Final Pretrial Order. (ECF Nos. 242, 243.) On March 16, 2020, due to the public health precautions being taken at the time related to the emerging COVID-19 pandemic,

the District Court vacated the March 30, 2020 hearing date for motions in limine and the April 7, 2020 trial date. (ECF No. 259.) A Status Conference regarding trial date is currently set for January 11, 2021. (ECF No. 286.)

Plaintiff's counsel received emails from an unrecognized sender in Spanish, which he did not fully understand on October 13 and October 16, 2020. (ECF No. 288-1 at 2.) By October 20, 2020, Plaintiff's counsel understood that that the emails explained the Mexican courts had ordered discovery pursuant to the Court' Letter of Request on November 3, 13, and 18, 2020. (Id. at 3.) Plaintiff's counsel believed that all the email required of him was to confirm that Plaintiff had retained a Mexico-licensed lawyer to attend the depositions. (Id.) On October 19, 2020, Mexican Court authorities delivered papers on the three OGS employees named in the Letter of Request, Pablo Pinochet, Anita Valadez, and Jorge Guerrero, that said they would be served the next day. (ECF No. 287-1 at 2.) OGS and the three employees received service of official Mexican Court papers on October 20, 2020, which order OGS and its employees to produce documents by November 3, 2020 or be subject to approximately one million pesos in sanctions and go to Court on November 18, 2020 to give witness declarations. (ECF No. 287-2 at 2.) Counsel for OGS called Plaintiff's counsel on October 21, 2020, during which OGS's counsel asked Plaintiff's counsel to stop the Mexican discovery and Plaintiff's counsel explained that he had set up a call with his contacts in Mexico for October 22, 2020 to find out what was going on. (ECF No. 287-1 at 3.)

During a meet and confer call on October 23, 2020, OGS's counsel reiterated its demand for Plaintiff's counsel to withdraw the Mexican discovery so OGS and its employees would not be subject to fines, fees or penalties, and Plaintiff's counsel tried to explore other options and would not commit to withdrawing the discovery. (Id. at 4; ECF No. 288-1 at 4-5.) This Motion followed.

### III. DISCUSSION

OGS argues that the Mexican discovery pursuant to the Letter of Request is proceeding in violation of the Court's previous orders setting and affirming the January

13, 2020 discovery cut-off and the Court should stop it and order Plaintiff to cease and desist from conducting the Mexican discovery. (ECF No. 287 at 5-7.) OGS further argues that the Court should sanction Plaintiff for violating a discovery order. (Id. at 7.) The Court will address these points and Plaintiff's counter arguments in turn.

### A. OGS has standing to challenge the Mexican Discovery from OGS

Plaintiff categorizes Pablo Pinochet, Jorge Guerrero, and Anita Valadez as non-party witnesses. (ECF No. 288 at 14.) After making this distinction, she simultaneously argues the inconsistent positions that OGS could have objected to the Mexican discovery prior to this Court issuing its Letter of Request, and that OGS has no standing to object to discovery sought from these individuals. (Id. at 14-15.)

Plaintiff's standing argument is unavailing. In Plaintiff's motion seeking a Letter of Request from the Court, Plaintiff explained that "Mr. Pinochet and Mr. Guerrero are key executive employees of [OGS], while Ms. Valdez is also a member of the company's senior management and an equity owner." (ECF No. 189 at 4.) This argument belies Plaintiff's intent to take discovery from these individuals as representatives of OGS, or at least the Court's intention when permitting such discovery. "If the party seeking the deposition wishes to depose a specific employee of the corporation, it may identify a specific officer, director or managing agent to be deposed and notice that person under Federal Rule of Civil Procedure 30(b)(1)." Calderon v. Experian Info. Sols., Inc., 290 F.R.D. 508, 516 (D. Idaho June 5, 2013). The Court finds that the discovery sought from Mr. Pinochet. Ms. Guerrero, and Ms. Valadez is most analogous to that permitted under Rule 30(b)(1), and therefore these witnesses are not non-party witnesses, and there is no basis for Plaintiff's standing argument.

### B. Plaintiff's opportunity to take discovery from OGS by any means ended on January 13, 2020. No further discovery is permitted pursuant to the Letter of Request.

Plaintiff claims that she has done nothing to pursue the Mexican discovery since delivering the Letter of Request to the Mexican authorities. (ECF No. 288 at 11.)

Plaintiff argues that because she timely moved for the issuance of the Letter of Request and because there is no scheduled trial date, OGS will not be prejudiced and Mexican discovery should proceed. (Id. at 15-19.)

It is undeniable that discovery has long since closed in this case. Discovery initially closed on October 15, 2018. (See ECF No. 18, 33.) After OGS filed its answer in this case, in an abundance of caution, the Court permitted Plaintiff approximately four additional months to pursue discovery from OGS. (ECF No. 179 at 4-5.) In the Second Amended Scheduling Order, the Court directed Plaintiff that discovery needed to be completed by the January 13, 2020 deadline, specifying that "completed" meant that all discovery "must be initiated a sufficient period of time in advance of that cut-off date, taking into account the times for service, notice and response." (Id. at 5.) When this Court issued the Letter of Request at the parties' request on December 2, 2019,[2] it specified that trial was imminent and asked for the requested deponents be scheduled to appear "as quickly as possible," and "as soon as possible before January 13, 2020." (ECF No. 202 at 7.) The Court asked for the requested documents to be ordered produced at least ten days prior to the depositions. (Id.) This Court declined Plaintiff's request to extend the time for Mexican discovery from OGS on January 24, 2020. (ECF No. 224.) The District Court rejected Plaintiff's motion to stay proceedings to permit the Mexican discovery to be completed on February 28, 2020. (ECF No. 238.)

Furthermore, the Court notes that the parties and the District Court have proceeded with extensive pretrial litigation and preparation as noted supra in the Relevant Procedural Background section. While the District Court has vacated the hearing on motions in limine and trial date due to the pandemic, the parties and the Court were otherwise prepared to proceed to hearing on motions in limine, and then

---

[2] The Court reminds the parties of its earlier explanation that neither the Second Amended Scheduling Order nor the Letter of Request endorsed Plaintiff's decision to employ the Hague procedures as the primary mechanism of obtaining discovery from OGS, a defendant subject to the Federal Rules of Civil Procedure. (See ECF No. 224 at 10.)

trial. Permitting Mexican discovery to proceed beyond the previously set deadline would likely needlessly multiply expert discovery requirements and proceedings in this Court.

Based on the foregoing, the Mexican discovery is untimely and may not proceed. Because the Mexican authorities appear to be proceeding based on the authority of this Court's Letter of Request, (ECF No. 287-2 at 2-3; ECF No. 288-1 at 6), the Court's role in this case must be more proactive than simply refusing to compel such discovery. OGS submits its belief based on consultation with a Mexican lawyer that the only way to halt the Mexican discovery is to have this Court contact the Mexican judge directly, or to have Plaintiff's counsel call off the discovery. (ECF No. 287-2 at 3.) Plaintiff believes based on her counsel's consultation with a Mexican attorney that it is highly unlikely that Plaintiff's counsel can do anything to stop the Mexican discovery without this Court first issuing an order requiring the same. (ECF No. 288-1 at 6.) The Court finds good cause to issue further orders pursuant to Rule 26(c), which permits the Court to issue an "order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Further orders are also necessary to clarify the intent of the Court's Letter of Request, by which the Court meant to convey that any discovery pursuant to the Court's letter must occur before January 13, 2020.

The Court therefore **GRANTS** OGS's motions for the Court to withdraw its letter of request and issue an order directing Plaintiff to cease discovery in Mexico pursuant to the Court's Letter of Request. For ease of translation and conveyance to the Mexican authorities, the Court will issue a separate order, specifically withdrawing the December 2, 2019 Letter of Request. Plaintiff is **ORDERED** to translate said order and convey it to both the Mexican authorities in Guanajuato and counsel for Defendants **no later than October 30, 2020**. Plaintiff is further **ORDERED** to take all other reasonable steps to prevent the Mexican discovery from moving forward pursuant to this Court's Letter of Request and is **PROHIBITED** from facilitating such discovery in any way.

**C.     Because both parties agree this issue likely needed to be addressed by a Court order withdrawing the Letter of Request and Plaintiff did not violate a Court order, sanctions are not appropriate.**

Arguing that "[t]here was no justification for Plaintiff's failure to comply with the Court's scheduling order and Plaintiff's decision to seek discovery in Mexico via the [Hague] convention after discovery closed was a blatant violation of that order," OGS requests sanctions under Rule 37(b)(2) and 16(f)(1)(C). (ECF No. 287 at 6-7.) OGS requests $7,000 for attorneys' fees related to addressing the discovery sought in Mexico, and for payment of any sanction that might issue in Mexico if OGS and its employees do not comply with the Mexican Court orders. (Id. at 7.)

Plaintiff argues that even though this Court has determined the Mexican discovery violates the Second Amended Scheduling Order and is withdrawing its Letter of Request, sanctions are inappropriate in this case because "Plaintiff does not believe she had any obligation to act preemptively to withdraw the Mexico discovery; she is not even certain she could have done so in any case; she was aware of no obligation to act; and neither the Court nor Defendants ordered or asked her to do so." (ECF No. 288 at 20-21.) Plaintiff further claims that she had good faith arguments to support her position. (Id. at 21.) She further argues that she did not disobey any order of the Court. (Id.)

The problem with all of OGS's arguments is that they are premised on the factual assumption that Plaintiff violated a Court order, whether the scheduling order or a subsequent order affirming the discovery cut-off. See Fed. R. Civ. P. 16(f) (providing sanctions when a party or its attorneys fails to obey a discovery order) and Fed. R. Civ. P. 37(b)(2)(A) (providing sanctions for failure to obey a discovery order).) However, OGS does not contradict Plaintiff's counsel's assertion that he did nothing to pursue the Mexican discovery after delivering the Court's Letter of Request. All parties and the Court were aware Plaintiff was delivering the Letter of Request and effectively consented to the same. The Court did not order Plaintiff to withdraw the Letter of

1  Request at the close of discovery, or to take other proactive steps to stop the process
2  jointly started by the parties.  Therefore, the Court does not find that Plaintiff or her
3  counsel violated a court order.
4      While the Court would have preferred that the parties worked together to bring a
5  solution to the Court, it appears from both parties' consultations with Mexican counsel
6  that an Order from this Court is likely necessary stop the Mexican discovery.
7  Considering this, the Court finds Plaintiff did not violate the Scheduling Order and
8  **DENIES** OGS's motion for sanctions.

### IV.   CONCLUSION

10     For the foregoing reasons the Court **ORDERS** as follows:
11     1.   The Court therefore **GRANTS** OGS's motions for the Court to withdraw its
12  letter of request and issue an order directing Plaintiff to cease discovery in Mexico
13  pursuant to the Court's Letter of Request.  For ease of translation and conveyance to
14  the Mexican authorities, the Court will issue a separate order, specifically withdrawing
15  the December 2, 2019 Letter of Request.  Plaintiff is **ORDERED** to translate said order
16  and convey it to both the Mexican authorities in Guanajuato and counsel for Defendants
17  **no later than October 30, 2020**.  Plaintiff is further **ORDERED** to take all other
18  reasonable steps to prevent the Mexican discovery from moving forward pursuant to
19  this Court's Letter of Request and is **PROHIBITED** from facilitating such discovery in any
20  way.
21     2.   The Court **DENIES** OGS's motion for sanctions against Plaintiff.
22     **IT IS SO ORDERED.**
23  Dated:  October 27, 2020

Honorable Michael S. Berg
United States Magistrate Judge