UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WRIGHT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OLD GRINGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  17cv1996-BAS (MSB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO ALLOW DEFENDANT TO CONDUCT DEPOSITION OF PLAINTIFF'S EXPERT JOSHUA VANETTI**<br><br>**[ECF NO. 302]** |

Before the Court is "Defendants' Motion to Allow Defendant to Conduct Deposition of Plaintiff's Expert Joshua Vanetti" ("Instant Motion"), filed on February 18, 2021.  (See ECF No. 302.)  Plaintiff filed an Opposition thereto on February 19, 2021.  (ECF No. 303.)  The Court finds this motion suitable for ruling on the papers pursuant to Civil Local Rule 7.1 (d).  For the reasons discussed in this Order, the Court **DENIES** the Instant Motion.

    **I.**　　**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a former designer for Defendants Old Gringo, Inc. ("OGI") and Old Gringo, S.A. de C.V. ("OGS") (a Western wear manufacturer and distributor and its Mexican sister company, together the "Old Gringo Companies") alleges that the principles and officers of the Old Gringo Companies, Defendants Ernest Tarut ("Tarut")

and Yan Ferry ("Ferry"), told her in January 2013 that they were giving her a 5% ownership interest in the Old Gringo Companies, but in fact, no such interest was conveyed.  (See ECF No. 1.)  This basic allegation underlies the remaining causes of action in this case.

The last phase of discovery closed in this case on January 13, 2020.  (ECF No. 179 at 4-5; see also ECF No. 244 at 2 (parties' joint motion and stipulation stating close of discovery was January 13, 2020).)  On February 28, 2020, this Court approved the parties' stipulation to proceed with Defendants' deposition of Plaintiff's expert, Joshua Vanetti, after the close of discovery on March 17, 2020.  (ECF No. 245.)  As is all too familiar, the seriousness of the public health emergency related to the COVID-19 pandemic began to emerge during this time.  Nevertheless, Plaintiff's counsel and expert were prepared to proceed with the deposition as scheduled, via remote technology.  (See ECF No. 302-1 at 4 (March 16, 2020 email from Plaintiff's counsel to Defendants' counsel confirming the same).)  However, Defendants' counsel represented to Plaintiff's counsel on March 16, 2020, the day before the scheduled deposition date that "[w]e need a little more time to organize the appearance by Skype or video conference for Mr. Vanetti.  We will contact you later in the week about setting that up." (ECF No. 302-1 at 10.)  However, that follow-up contact never occurred.  (ECF No. 302-1 at 2 ("After March 2020 I barely spoke about the case again with Mr. Norris, because no trial date was set in this matter. . ."), 13 (email from Plaintiff's counsel to Defendants' counsel stating that after the March 16, 2020 email, "I never heard from you again about the issue (until now, about 11 months later) and Plaintiff never agreed to a new date.").)

Also on March 16, 2020, in recognition of the recommended public health precautions, Judge Bashant issued an order vacating the hearing date for motions in limine and the April 7, 2020 trial date.  (See ECF No. 259 (order vacating) and ECF No. 243 (Final Pretrial Order showing April 7, 2020 trial date).)  In the ensuing months, the parties filed briefing on several motions in limine and two discovery issues.  (See

docket.) On December 2, 2020, the Court reset the motions in limine hearing for January 13, 2021, the Pretrial Conference for March 1, 2021, and the trial date on March 30, 2021. (ECF No. 294.)

Defendants first approached Plaintiff about rescheduling Mr. Vanetti's deposition via email on February 8, 2021. (See ECF No. 302-1 at 16.) In a return email dated February 12, 2021, Plaintiff refused to make her expert available for deposition, noting discovery had closed and 11 months had passed since the agreed upon deposition date. (Id. at 12-13.) Defendants filed this motion asking the Court to permit Mr. Vanetti's deposition on February 18, 2021. (ECF No. 302.) Plaintiff opposed February 19, 2021. (ECF No. 303.)

## II.   DISCUSSION

### A.   Procedural Issues

Plaintiff first argues that Defendants' motion should be dismissed as procedurally improper because it does not comply with Judge Berg or Judge Bashant's rule for ex parte motions, or Judge Berg's rules for discovery motions. (ECF No. 303 at 3-4.) In the interest of conserving the resources of the Court and the parties, and considering the proximity to trial, the Court will forego a discussion of the procedural issues in favor of ruling on the merits.

### B.   Plaintiff Has Not Shown Good Cause to Amend the Scheduling Order

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases). "If that party was not diligent, the inquiry should end." Id.

Here, Defendants ask the Court to permit them to depose Mr. Vanetti eleven months after they were previously permitted to take the expert's late deposition, and

less than six weeks before trial.  In support of their request, Defendants explain the late deposition "did not take place, because it was set just about the very day the Covid-19 restrictions happened, throwing everything and everybody into a state of uncertainty for many months to come." (ECF No. 302 at 2-3.)  They also explain that since then, with no trial date set, "the parties barely spoke about the case again." (Id. at 1-2.)  Based on the foregoing, Defendants ask the Court to permit them to depose Mr. Vanetti at least two weeks prior to trial.  (Id. at 3.)

Plaintiff, in response, argues that Defendants have not been diligent, and their requested deposition should be denied since they did nothing to pursue this deposition for nearly a year.  (ECF No. 303 at 5.)  They further point out that Defendants' request for additional discovery now is inconsistent with their briefing opposing Plaintiff's attempts to obtain limited additional discovery in April and October 2020, in which they argued that discovery was improper after the close of discovery.  (Id. at 4-5 (citing ECF No. 271 at 5 and ECF No. 287 at 3).)  Finally, Plaintiff argues that this Court should deny the instant motion as Judge Bashant denied an oral request to permit a late deposition of Plaintiff's witness, Steve Greenberg.  (Id. at 6-7 (citing ECF No. 299 at 27).)

The Court finds that Defendants were not diligent in pursuing the deposition of Mr. Vanetti and the circumstances before the Court do not demonstrate good cause to permit the deposition now.  In the first place, based on the emails submitted by Defendants, Plaintiff and her expert were prepared to go forward with a remote deposition on March 17, 2020, and Defendants asked to postpone it.  Defendants do not explain why they could not have proceeded with the deposition as scheduled.  Further, although on March 16, 2020, defense counsel indicated they would follow up the following week, instead she "barely spoke about the case again with Mr. Norris, because no trial date was set in this matter during nearly the entirely [sic] of 2020." (ECF No. 302-1 at 2.)  In fact, Defendants elected not to address the deposition again until February 8, 2021, even though two different discovery issues were briefed to the Court in relation to Plaintiff's attempted discovery in the intervening time.

While there may have been circumstances where the confusion brought by the closures and health orders related to the pandemic may have provided good cause for a short delay, Defendants have not demonstrated them, nor have they provided any explanation for yet again waiting until the eve of trial to pursue Mr. Vanetti's deposition. They seemingly explain that they ignored the case until trial was again imminent, as if an impending trial date were a prerequisite for discovery.  But even after Judge Bashant reset the trial for March 30, 2021 on December 2, 2020, (ECF No. 294), Defendants waited for over two months before seeking a deposition date for Mr. Vanetti on February 8, 2021, (ECF No. 302-1 at 16).  Defendants have not even attempted to explain or justify this delay.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that Defendants have failed to show good cause to permit the late deposition of Mr. Vanetti and **DENIES** Defendants' motion to permit his deposition.

**IT IS SO ORDERED.**

Dated:  February 22, 2021

Honorable Michael S. Berg
United States Magistrate Judge